UNITED STATES CASUALTY COMPANY, PLAINTIFF-RE-
SPONDENT, v. HERCULES POWDER COMPANY, DE-
FENDANT-APPELLANT.

Argued December 19, 1949—Decided March 13, 1950.

*Mr. Harold Price* argued the cause for the appellant (*Messrs. Schenck, Price, Smith & King,* attorneys, *Mr. Edward L. C. Vogt,* of counsel).

*Mr. William H. D. Cox* argued the cause for the respondent (*Messrs. Cox & Walburg,* attorneys).

The opinion of the court was delivered by

ACKERSON, J. The complaint herein filed on April 30, 1943, alleges, in effect, that the plaintiff, United States Casualty Company, at the time in question, was the workmen's compensation insurance carrier of the Thomas Iron Company which was engaged in the business of mining ore, and the insurance contract, in addition to the coverage required by the Workmen's Compensation Act, *R. S.* 34:15-1 *et seq.,* provided in clause "K" of the policy as follows:

"K. The Company [plaintiff herein] shall be subrogated in case of any payment under this Policy, to the extent of such payment, to all rights of recovery therefor vested by law either in this Employer [Thomas Iron Company], or in any employee or his dependents claiming hereunder, against persons, corporations, associations or estates."

It is further alleged that the employer, Thomas Iron Company, on or about September 26, 1940, purchased from the defendant, Hercules Powder Company, a reel of fuse to be attached to percussion caps for the purpose of blasting rocks in the purchaser's mine, which fact was then made known to the defendant and was also generally known by it from previous dealings of a similar nature between the parties,

and the purchaser relied upon the skill and judgment of the defendant to supply proper fuses for said purpose whereby an implied warranty arose under the Uniform Sale of Goods Act, *R. S.* 46:30–1 *et seq.*, that the reel of fuse so purchased would be reasonably fit for such use.

It is then asserted that one of the fuses last purchased was defective in that it permitted the burning of the powder to jump from one section of the fuse to another, thereby substantially shortening the time between the lighting of the fuse and the normal explosion of the dynamite, so that, on October 4, 1940, by reason of this defect and the premature explosion caused thereby, several employees of the Thomas Iron Company were injured and plaintiff, as its insurance carrier, was required to and did pay them compensation in the sum of $7,411.95. Finally it is alleged that supplying the defective fuse under the stated circumstances constituted a breach of the implied warranty arising from the sale thereof, and plaintiff, under clause "K" of its policy, is subrogated to the cause of action for such breach which the Thomas Iron Company has against the defendant, and judgment is demanded for the sum of $7,411.95, being the exact amount of the aforementioned compensation payments. Parenthetically the record discloses that prior to the commencement of the present action *ex contractu,* by the insurance carrier of Thomas Iron Company against the Hercules Powder Company, the aforesaid injured employees of the Thomas Iron Company instituted an action in tort by summons, purportedly dated October 3, 1942, against the same defendant, Hercules Powder Company, to recover damages for the injuries alleged to have been sustained by them in the accident which occurred on October 4, 1940, as hereinabove related, which action is still pending and undetermined.

On defendant's motion the trial court dismissed the complaint of the United States Casualty Company, plaintiff in the present suit, as failing to state a cause of action. The ground for such dismissal was that section *R. S.* 34:15–40 of the Workmen's Compensation Act, in its present form, only authorizes subrogation by the employer or his insurance

carrier to the claim of the *employee* or his dependents against a third party responsible for his injury or death to satisfy the compensation payments made therefor by the employer or his insurance carrier. It was considered that reimbursement for such payments is exclusively statutory, and, since the present action is predicated solely upon a breach of warranty in the sale of goods, which right of action, *ex contractu,* would normally reside *directly* in the employer and not as a matter of subrogation to the rights of his *employees,* as provided by the statute, such compensation payments are not properly recoverable as an item of damage in the present action which is not based upon the statute, and, in the language of the trial judge, the damages claimed "are not within the contemplation of the parties as damages which might be recovered for a breach of warranty."

On appeal the Appellate Division reversed this judgment of dismissal taking the position that, although no right to maintain the present action accrued to the plaintiff (insurance carrier) under *R. S.* 34:15–40, nevertheless, since the employer did appear to have a right of action against the defendant (seller) for breach of implied warranty, the general doctrine of subrogation came into play quite aside from the Workmen's Compensation Act, thus giving the plaintiff here a right to proceed directly against the defendant in the plaintiff's own name in which action, it is assumed, the damages would include the compensation payments made on the insured's behalf to its injured employees.

The cause is now before us on certification granted on the defendant's motion to review the judgment of the Appellate Division.

We are confronted at the outset by appellant's contention that the Workmen's Compensation Act (*R. S.* 34:15–40) provides the exclusive remedy for securing reimbursement for compensation payments made thereunder by the employer or its insurance carrier, and since the present action is not rested on such provisions, it is not maintainable.

The answer to this contention will be found in the historical development of our workmen's compensation legis-

lation. The act was intended to accomplish an economic reform in the legal rights and responsibilities between employer and employee, and to accomplish its purpose it made the employer responsible to his employee for injuries sustained in an accident arising out of and in the course of his employment even though no negligent act of the employer caused the accident and even though the accident was the result of the negligent act of a third party.

The recovery thus provided for is not determined by the rule for measuring damages in a tort action at common law, but is governed entirely by a statutory schedule of payments based upon a percentage of the weekly wage received by the employee at the time of his injury or death and payable over an allotted period of time for temporary and permanent disability (partial or total) or death, with limited allowances for medical, hospital and legal expenses. In fine, the purpose of the act, with respect to the employer-employee relationship, was to supersede the common law redress in tort cases, and statutory rights consequent upon death by wrongful act, and to substitute therefor a strictly statutory formula for making compensation for the injury or death of an employee, irrespective of the fault of the employer or of the contributory negligence and assumption of risk of the employee.

However, as originally enacted in 1911 (*P. L.* 1911, *c.* 95), the act made no provision for the reimbursement of the employer or his insurance carrier out of the proceeds of any recovery obtained by judgment against or settlement with the third party responsible for the employee's injury or death, nor did it provide that the compensation payments required of the employer by the act should cease upon collection from the wrong-doer of a sum in excess of the compensation award. Under these circumstances it was held that the injured employee or his dependents could recover and retain the compensation payments required of his employer by the act, and at the same time recover and retain the full damages resulting from his common law right of action in tort against the third party wrong-doer. *Newark Paving Co. v. Klotz,* 85 *N. J. L.* 432 (*Sup. Ct.* 1914); affirmed, 86 *Id.* 690 (*E. & A.* 1914);

*Henry Steers, Inc., v. Turner, etc., Co.*, 104 *Id.* 189, 192 (*E. & A.* 1927); *Erie R. R. Co. v. Michelson*, 111 *N. J. Eq.* 541, 545 (*E. & A.* 1932).

To remedy this inequitable situation the Legislature by successive acts, now incorporated in *R. S.* 34:15–40, amended the original act by first providing:

"Where a third person or corporation is liable to the employee or his dependents for an injury or death, the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee or his dependents, nor be regarded as establishing a measure of damage therein."

Then provision is made for giving the employer or his insurance carrier a right to reimbursement out of the proceeds of any recovery obtained from or settlement made with the third party wrong-doer by the injured employee or his dependents.

Finally the amended statute, in order to provide complete reimbursement to the employer and his insurance carrier in such cases, provides in *R. S.* 34:15–40 (f) and (g) as follows:

"(f) When an injured employee or his dependents fail within one year of the accident to either effect a settlement with or institute proceedings for recovery of damages for his injuries and loss against the third person or corporation, the employer or his insurance carrier, ten days after a written demand on the injured employee or his dependents, can either effect a settlement with or institute proceedings against the third person or corporation for the recovery of damages for the injuries and loss sustained by such injured employee or his dependents and any settlement made or proceedings had and taken by such employer or his insurance carrier against such third person or corporation, *and such right of action shall be only for such right of action that the injured employee or his dependents would have had against the third person or corporation*, and shall constitute a bar to any further claim or action by the injured employee or his dependents against the third person or corporation. If · a settlement is effected between the employer or his insurance carrier and the third person or corporation, or a judgment is recovered by the employer or his insurance carrier against the third person or corporation for the injuries and loss sustained by the employee and if the amount secured or obtained by the employer or his insurance carrier is in excess of the employer's obligation to the employee and the expense of suit, such excess shall be paid to the employee or his dependents. * * * Where an injured employee or his dependents have instituted proceedings for recovery of damages for his injuries

and loss against a third person or corporation and such proceedings are dismissed for lack of prosecution, the employer or insurance carrier shall, upon application made within ninety days thereafter, be entitled to have such dismissal set aside, and to continue the prosecution of such proceedings in the name of the injured employee or dependents in accordance with the provisions of this section.

"(g) If such employee or his dependents effect a settlement with or institute proceedings against the third person or corporation prior to the service of notice of the compensation obligation of the employer or his insurance carrier or prior to the institution of any proceedings against the third person or corporation by the employer or his insurance carrier for the injuries and loss sustained by such employee or his dependents, such employer or his insurance carrier is barred from instituting any action or proceedings against the third person or corporation for the injuries and loss sustained by such employee or his dependents." (Italics supplied.)

■ Obviously the purpose of this amendatory legislation was to set up a comprehensive plan within the structure of the Workmen's Compensation Act for regulating and marshaling the rights and responsibilities of the several parties concerned in compensation payments where, in the course of his employment, injury or death comes to a workman as the result of the fault of a third party. There is retained for the benefit of the injured employee or his dependents the benefit of his common law action against such third party in which the application of the common law rule for the assessment of damages may result in the recovery of an amount in excess of the total amount of the compensation awarded according to the statutory formula prescribed by the act. At the same time the evil of the old law is obviated by providing for the reimbursement of the employer or his insurance carrier out of the proceeds of any such recovery from or settlement with the third party tort-feasor.

■■ In the method devised to accomplish this legislative plan we perceive a purpose to restrict the employer and his insurance carrier to the method of reimbursement provided for in the act, *i. e.*, through the right of the injured *employee* or his dependents against the third party wrong-doer in tort, and not, as here, through the medium of the *employer's* direct cause of action against such third party, *ex contractu*, for breach of an implied warranty. Otherwise the third party

would be subjected to the possibility of double liability, to the extent of the compensation paid by the employer, which certainly was not the legislative intent. In this connection it will be observed, by referring to the above quotation from *R. S.* 34:15–40 (f), that where, after one year has passed without settlement with or action against such third party by the injured employee or his dependents, such right is given to the employer or his insurance carrier to proceed in the name of the injured employee, with the proviso that "* * * such right of action shall be *only* for such right of action that the injured employee or his dependents would have had against the third person or corporation, * * *." (Italics supplied.) In the instant case the employees were not parties to the contract for the sale of the fuse and consequently would have no right of action for a breach of warranty arising therefrom.

As was said in the case of *Prudential Insurance Co. v. Laval,* 131 *N. J. Eq.* 23, 26 (*Ch.* 1942) : "There is to be perceived in the Workmen's Compensation Act, * * *, a clear legislative intent to establish a scheme for the compensation of an injured employee or his surviving dependents by the employer or its insurance carrier on the one hand, and on the other to give the latter a right to reimbursement for the compensation so paid by them out of any damages which may be recovered from the third-party tort feasor liable for the employee's injuries and resultant death. * * * This right to reimbursement from such third party recovery is derived from what may be termed the employer's or his insurance carrier's 'statutory subrogation,' under section 34:15–40 of that act, * * *."

The *sui generis* and comprehensive nature of our Workmen's Compensation Act is such as to preclude an interpretation thereof which would enable an employer or his insurance carrier to obtain reimbursement for compensation paid pursuant thereto by any other method or in any other right than specifically provided for therein, *i. e.*, through the right of the injured *employee* or his dependents against the third party responsible for his injuries or death, and, as already noted,

such right could not be based upon the breach of a contract to which the injured workman was not a party.

Of course, an employer or his subrogee is free to maintain any primary cause of action which the employer may have directly in his own right against another, specifically against the seller of an article for the breach of a warranty of its fitness for a particular use, known to the seller, which breach proximately results, *inter alia*, in injury to or the death of the purchaser's employee. Nevertheless the damages recoverable for such breach may not include the compensation payments made pursuant to our Workmen's Compensation Act, which statute provides the exclusive remedy for such recovery.

We have not overlooked such cases as *Dushane v. Benedict,* 120 *U. S.* 630, 7 *Sup. Ct.* 696, 30 *L. Ed.* 810 (*Sup. Ct.* 1886); *London Guarantee & Accident Co. v. Strait Scale Co.,* 322 *Mo.* 502, 15 *S. W.* 2d 766, 64 *A. L. R.* 936 (*Mo. Sup. Ct.* 1929); *Standard Oil Co. v. Daniel Burkhartsmeier, etc., Co.* 333 *Ill. App.* 338, 77 *N. E.* 2d 526 (*Ill. App.* 1948); *Boston Woven-Hose & Rubber Co. v. Kendall,* 178 *Mass.* 232, 59 *N. E.* 657, 658, 51 *L. R. A.* 781 (*Sup. Jud. Ct. Mass.* 1901); *Manning Mfg. Co. v. Hartol Products Corp.,* 99 *F.* 2d 813 (*C. C. A. 2nd Cir.* 1938), holding that the purchaser of warranted goods may recover from the seller, in an action for breach of warranty, the amounts which the purchaser was required to pay as damages on account of injury to or the death of his employee or other third person resulting from such breach, and where the purchaser's responsibility for such damages arose out of a common law liability. Such cases are not helpful in interpreting the intent and scope of the reimbursement provisions of our Workmen's Compensation Act because they involved exclusively the application of common law principles unaffected by the provisions of such a statute. However, the liability of the employer-purchaser in the case *sub judice* does not spring from any common law duty of care for his employees respecting defects in the article purchased, but exclusively from a statutory liability which not only prescribes a ground of recovery and a formula for

compensation unknown to the common law, but also prescribes the method by which reimbursement for compensation paid thereunder may be had by the employer or his insurance carrier.

The case of *Dayton Power & Light Co. v. Westinghouse E. & Mfg. Co.*, 287 F. 439, 441 (*C. C. A. 6th Cir.* 1923), was an action for breach of warranty in which compensation payments made under the Ohio Workmen's Compensation Act were recoverable as damages upon the assumption that they were recoverable in such an action on common law principles without reference to the terms of the act or considering the effect of any provisions for reimbursement which may have been contained therein as bearing upon the subject of proper damages. In any event we are not controlled by the decisions of federal or other jurisdictions in interpreting the intent and scope of our own Workmen's Compensation Act. *Ballinger v. Wagaraw Bldg., etc., Co.*, 16 *N. J. Misc.* 375, 382 (*Bergen Co. Ct. Common Pleas* 1938); affirmed, 121 *N. J. L.* 606 (*Sup. Ct.* 1939); affirmed, 122 *Id.* 512 (*E. & A.* 1939); *First Nat. Bk., Lyndhurst v. Bianchi & Smith*, 106 *N. J. Eq.* 333, 335 (*Ch.* 1930); *Schroeder v. Zink*, 4 *N. J.* 1 (1949).

For the reasons hereinabove expressed we hold that the compensation payments made by the plaintiff pursuant to the requirements of the Workmen's Compensation Act are not recoverable by it as subrogee of the Thomas Iron Company in the present action against the defendant for breach of warranty. It therefore becomes unnecessary to consider the other points argued by the defendant for a reversal.

Inasmuch as the complaint herein only seeks recovery of the exact amount of such compensation payments and does not demand any other item of damage, we conclude that the trial judge was right in dismissing it. The judgment of the Appellate Division of the Superior Court is accordingly reversed and that of the Law Division of that court is affirmed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For affirmance*—Justice HEHER—1.