MULTIPLEX CONCRETE CO., INC., PLAINTIFF-APPEL-
LANT, v. BESSER COMPANY, A CORPORATION OF THE
STATE OF MICHIGAN; WARNER ELECTRIC AND
BRAKE CLUTCH COMPANY, A CORPORATION OF THE
STATE OF ILLINOIS; STANCO ELECTRIC COMPANY,
A CORPORATION OF THE STATE OF NEW JERSEY;
JOHN DOE CORP. (FICTITIOUS NAME); RICHARD
ROE CORP. (FICTITIOUS NAME); ABC CORP. (FIC-
TITIOUS NAME); XYZ CORP. (FICTITIOUS NAME),
DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 27, 1977—Decided October 14, 1977.

Before Judges MATTHEWS, CRANE and ANTELL.

*Mr. George J. Kenny* argued the cause for appellant (*Messrs. McElroy, Connell, Foley & Geiser,* attorneys).

*Mr. John J. Sheedy, Jr.* argued the cause for respondent Besser Company (*Messrs. Morgan, Melhuish, Monaghan & Spielvogel,* attorneys).

*Mr. Richard V. Jones* argued the cause for respondent Warner Electric and Brake Clutch Company (*Messrs. Stryker, Tams & Dill,* attorneys).

*Mr. Donald Horowitz* argued the cause for respondent Stanco Electric Company (*Messrs. Cummins, Dunn, Horowitz & Pashman,* attorneys).

PER CURIAM. Plaintiff instituted this action against defendants Besser Company, Warner Electric and Brake Clutch Company, Stanco Electric Company and three fictitiously named corporations alleging that they negligently designed, manufactured, sold, serviced and installed a vibrator machine which was not properly equipped with a safety de-

vice, a steel cover guard, and thus was unreasonably dangerous to its operator and persons in the vicinity of its operation.

In December 1973 one Willie Gatlin, an employee of plaintiff, was killed when a portion of the armature of the vibrator motor came loose and flew through the defective or inadequate cover guard. Pursuant to the Workers' Compensation Act, plaintiff's compensation carrier has been making payments to Gatlin's dependents. This has resulted in an increase in compensation premiums which plaintiff must pay to its insurer.

Plaintiff contends that the increase in premiums was solely and proximately caused by defendants' negligence, breach of warranties and strict liability, and demanded judgment against them. No action against defendants was ever instituted by anyone on behalf of decedent.

Each of the named defendants answered, claiming, among other things, that the complaint failed to state a claim upon which relief could be granted and then moved to dismiss the complaint on that ground. The motions were granted.

The trial judge found that plaintiff's claim "arises out of the compensation proceedings," and thus was precluded by *N. J. S. A.* 34:15–40 (f) as interpreted in *United States Cas. Co. v. Hercules Power Co.*, 4 *N. J.* 157 (1950). He also concluded that plaintiff's suit would "so clutter the field and so essentially destroy the concept of spreading the loss by way of insurance that I think it should probably be against public policy to allow it."

*N. J. S. A.* 34:15–40 provides that "[w]here a third person is liable to the employee or his dependents for an injury or death," the right to workers' compensation does not bar an action against the third person. The rights and liabilities of the employee or his dependents and the employer or his insurance carrier, as to compensation benefits due and amounts recovered from the third party, are specified.

Subsection (f) subrogates the right of action of the employee or his dependents to the employer or his insurance carrier, when the employee or his dependents fail to prosecute. It further provides that "such right of action shall be only for such right of action that the injured employee or his dependents would have had against the third person * * *." *United States Cas. Co. v. Hercules Power Co., supra,* held that this provision barred an employer's cause of action for breach of warranty against a third party to recover the amount of compensation paid. The insured employees in that case had instituted an action in tort against the defendant, the seller of a defective product, but they could not assert a count for breach of warranty under the law then in effect since they were not parties to the sale. It was held that the statute precluded an employer or his insurance carrier from obtaining reimbursement for workers' compensation "by any other method or in any other right than specifically provided for therein, *i. e.,* through the right of the injured *employee* or his dependents against the third party responsible for his injuries or death * * *." 4 *N. J.* at 166. However, the court continued:

> Of course, an employer or his subrogee is free to maintain any primary cause of action which the employer may have directly in his own right against another, specifically against the seller of an article for the breach of a warranty of its fitness for a particular use, known to the seller, which breach proximately results, *inter alia,* in injury to or the death of the purchaser's employee. Nevertheless the damages recoverable for such breach may not include the compensation payments made pursuant to our Workmen's Compensation Act, which statute provides the exclusive remedy for such recovery. [at 167]

We do not regard the cause of action asserted here to be one which the court in *United States Cas. Co.,* above, said an employer would be "free to maintain." It is not a primary cause of action which the employer has directly in its own right; rather it seeks damages directly related to the compensation payments made pursuant to the Workers' Com-

pensation Act. While the employer is not directly suing to recover on its employee's rights, it is pursuing a cause of action arising out of its obligation established by law for the benefit of the employee.

Affirmed.