455 A.2d 686

**RELIANCE INSURANCE COMPANY**

v.

**RICHMOND MACHINE COMPANY, Reliance Electric Company, and Bendix Westinghouse.**

**Appeal of RELIANCE ELECTRIC COMPANY.**

Superior Court of Pennsylvania.

Argued Feb. 16, 1982.

Filed Jan. 14, 1983.

Mary Jane Forbes, Harrisburg, for appellant.

David C. Keiter, York, for appellee.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

JOHNSON, Judge:

This is an appeal by [Reliance Electric] a supplier of parts for a machine the defective functioning of which was allegedly the cause of injuries to an employee of an insured of the appellee insurance company [Reliance Insurance]. The appeal is from an order of the trial court which sustained Reliance Electric's preliminary objections in part, denied them in part, and granted the plaintiff Reliance Insurance leave to amend its complaint.

Permission to appeal the interlocutory order was specially granted, at 155 Misc. Docket No. 12, filed May 18, 1981, following the filing of a petition for permission to appeal.[1] The trial court, as provided for in 42 Pa.C.S.A. § 702 (Purdon 1981), certified three questions to this court. The three questions certified to us by the trial court are:

(1) is the right of subrogation granted to an employer by section 319 of the Workmen's Compensation Act (77 P.S. § 671) against alleged third-party tortfeasors responsible for injuries to an employee the exclusive remedy by which the employer (or its insurer) may recover the sums it paid in workmen's compensation benefits to the injured employee?

(2) Does an employer (or its insurer) have a common law right of action for indemnity and/or contribution against the third party whose negligence allegedly caused injury to the employee?

(3) If the employer (or its insurer) may maintain an action for contribution and/or indemnity, should the two

---

**1.** See Pennsylvania Rule of Appellate Procedure 1311, 42 Pa.C.S.A. (Purdon Pamp.1982).

year statute of limitations on personal injury actions apply to such a cause of action?

The facts are as follows. An employee of Reliance Insurance's insured was injured, in the course of his employment, on April 4, 1977. On April 11, 1977, Reliance Insurance started paying worker's compensation benefits to the injured employee. On May 16, 1979, more than two years after both the injury and the commencement of payment of worker's compensation benefits, Reliance Insurance filed a praecipe for a writ of summons in assumpsit against Reliance Electric and the other defendants. A complaint in assumpsit was filed on August 3, 1979.

Reliance Insurance's complaint against Reliance Electric and the other defendants, also manufacturer/suppliers of the machine and parts involved in the accident,[2] averred that the defendants' negligence was the cause of the injury to the employee and that therefore Reliance Insurance was entitled to indemnification by and contribution from the defendants for the amount it had paid in worker's compensation benefits to the injured employee.

The preliminary objections of Reliance Electric raised *inter alia* the objection that the purported claim by Reliance Insurance for indemnification and contribution was in reality a subrogation claim under section 319 of The Pennsylvania Workman's Compensation Act.[3] This section provides in pertinent part:

**§ 671. Subrogation of employer to rights of employee against third persons** ...

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ...

---

**2.** The complaint alleged that the foot pedal of the machine, an open head body roller, was accidentally activated, causing a large steel roller to descend on the employee's hand, causing severe laceration and partial amputation of the employee's thumb.

**3.** Act of June 2, 1915, P.L. 736, Art. 1, § 101 et seq., *as amended.* Section 319 is codified at 77 P.S. § 671 (Purdon Supp.1982).

against such third party to the extent of the compensation payable under this article by the employer....

77 P.S. § 671 (Purdon Supp.1982).

■ The first question brought to us is whether the above language is an exclusive means whereby the employer, or its insurer,[4] may recover the amount it has paid in worker's compensation benefits. Based on the principles of statutory construction, and extrapolating from the construction hitherto placed on section 319 by the appellate courts of this Commonwealth, we believe that section 319 provides the exclusive means for an employer or its insurer to recover.

The Statutory Construction Act of 1972[5] provides at section 1504:

§ 1504. **Statutory remedy preferred over common law**
In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

1 Pa.C.S.A. § 1504 (Purdon Pamp.1982). The Workmen's Compensation Act has eliminated the tort concept as between employee and employer. *Socha v. Metz,* 385 Pa. 632, 637, 123 A.2d 837, 840 (1956); *Arnold v. Borbonus,* 257 Pa.Super. 110, 113–14, 390 A.2d 271, 272 (1978), citing *Hefferin v. Stempkowski,* 247 Pa.Super. 366, 372 A.2d 869 (1977).

By virtue of the [Workmen's] Compensation Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in ex-

4. The law is clear that an insurer of the employer may sue to enforce its subrogation rights. *Ledford v. Central Medical Pavilion, Inc.,* 90 F.R.D. 445 (W.D.Pa.1981); *Bumbarger v. Bumbarger,* 190 Pa.Super. 571, 155 A.2d 216 (1959).

5. Act of December 6, 1972, No. 290, P.L. 1339, Part V, 1 Pa.C.S.A. § 1501 *et seq.* (Purdon Pamp.1982).

change for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence. . . .

*Socha v. Metz,* 385 Pa. at 637, 123 A.2d at 839–40. In return, the employer is granted total immunity from suit for its own negligence. *See* section 303 of the Act, 77 P.S. § 481, note 6 *infra.*

However, the legislature has seen fit, when a third party's negligence has resulted in the employer or its insurer paying worker's compensation benefits, and where the injured employee has recovered compensation from the third party, to permit the employer or its insurer to recoup from this recovery the benefits paid. This is the extent of the employer or insurer's right, as specifically provided by the Workmen's Compensation Act at section 319. Our case law has consistently so viewed this section. *See, e.g., Scalise v. F.M. Venzie & Co.,* 301 Pa. 315, 152 A. 90 (1930) (action in trespass brought by widow of deceased employee against third party). In *Scalise* our supreme court said, in response to an argument that the right of action was in the employer rather than in the widow, that the right of action under section 319 is in the injured employee. *See also Moltz v. Sherwood Bros., Inc.,* 116 Pa.Super. 231, 176 A. 842 (1935) (action brought against third party by employer's insurer to recover workmen's compensation benefits paid to employee), where this court said:

> The employer's right of subrogation must be worked out through an action brought in the name of the injured employee, either by joining the employer as a party plaintiff ..., or as a use plaintiff.... "The right of action is for one indivisible wrong, and this abides in the insured, through whom the insurer must work out his rights upon payment of the insurance, the insurer being subrogated to the rights of the insured upon payment being made......... This right of the insurer against such other person is derived from the assured alone, and can be enforced in his right only...... In support of this

rule it is commonly said that the wrongful act is single and indivisible and can give rise to but one liability."

*Moltz v. Sherwood Bros., Inc.*, 116 Pa.Super. at 234, 176 A. at 843 (citations omitted).

The commonwealth court, in an appeal by an employer from a Workmen's Compensation Appeal Board ruling that an employee's failure to prosecute a civil action against the third party tort-feasor did not bar his worker's compensation proceeding against the employer, said:

> [T]he subrogation rights of the employer under the provisions of Section 319 ... are preconditioned upon (1) a compensable injury's being caused in part by the act or omission of a third party and (2) a recovery against the third party or a compromise settlement by and between the employee and the third party. Here there has been no recovery against a third party nor has there been a compromise settlement. In addition, there has been no determination that a compensable injury was caused in part by the act or omission of a third party.... Therefore [the employer] has not established that it has available at this time any subrogation rights....

*Olin Corp. (Plastics Division) v. Workmen's Compensation Appeal Board*, 14 Pa.Commw. 603, 609, 324 A.2d 813, 817 (1974). *See also, Travelers Insurance Co. v. Hartford Accident & Indemnity Co.*, 222 Pa.Super. 546, 294 A.2d 913 (1972) (action in assumpsit by employer's insurer to recover worker's compensation benefits from third party's insurer; employer's right to recovery was based on third party's alleged liability which was not established, a jury having found the third party not negligent; the supreme court affirmed the lower court's judgment for the third party); *Broderick v. Great Lakes Casualty Co.*, 152 Pa.Super. 449, 33 A.2d 653 (1943) (in assumpsit action by employer and insurer, this court held that fact of settlement between third party and employee was not evidence of third party's liability as tort-feasor; "the subrogated employers are

bound to prove liability to support the contention they ...
are entitled to recover. This is true regardless of the form
of the action." 152 Pa.Super. at 451, 33 A.2d at 654).

More recently, Justice LARSEN in a concurring opinion
in *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513,
412 A.2d 1094 (1980),[6] expressed the view that the employ-
er's right to subrogation was not automatic, and that the
employer must "in some judicial proceedings establish its
freedom from fault in order to be subrogated." 488 Pa. at
524, 412 A.2d at 1099.

■ The rule in this Commonwealth, then, is that for the
insurer of the employer to be reimbursed for worker's
compensation benefits paid, it must show that the party
from whom it seeks to recover is in fact liable. This
requirement is not met in the case before this court. Our
appellate courts have not hitherto construed section 319 as
providing the employer or its insurer with a cause of action
against a third party in its own right. We see no reason to
do so at this stage, where the legislature has not chosen to
do so, where the liability of the alleged third party tort-fea-
sor has not been determined, and where the statute of
limitations for personal injury actions has barred an action
in trespass against the alleged tort-feasor.

6. In *Tsarnas* our supreme court upheld the constitutionality of the
employer immunity section of the Workmen's Compensation Act,
section 303(b), 77 P.S. § 481(b) (Purdon Supp.1982), which provides:

**§ 481. Exclusiveness of remedy; actions by and against third
party: contract indemnifying the third party**

. . . . .

(b) In the event injury or death to an employe is caused by a third
party, then such employe, his legal representative, husband or wife,
parents, dependents, next of kin, and anyone otherwise entitled to
receive damages by reason thereof, may bring their action at law
against such third party, but the employer, his insurance carrier,
their servants and agents, employes, representatives acting on their
behalf or at their request shall not be liable to a third party for
damages, contribution, or indemnity in any action at law, or other-
wise, unless liability for such damages, contributions or indemnity
shall be expressly provided for in a written contract entered into by
the party alleged to be liable prior to the date of the occurrence
which gave rise to the action.

■ We therefore hold that section 319 is an exclusive remedy, and that for an employer or its insurer to enforce its subrogation rights, it must proceed in an action brought on behalf of the injured employee in order to determine the liability of the third party to the employee. If such liability is determined, then the employer or its insurer may recover, out of an award to the injured employee, the amount it has paid in worker's compensation benefits.

■ This holding is consistent with the rule that an employer cannot be joined by a third party alleged tort-feasor, either as an additional defendant or as an involuntary plaintiff, for the purpose of apportioning negligence under the Comparative Negligence Act,[7] *Kelly v. The Carborundum Co.,* 307 Pa.Super. 361, 453 A.2d 624 (1982). *See also, Leonard v. Harris Corp.,* 290 Pa.Super. 370, 434 A.2d 798 (1981), *petition for allowance of appeal denied* December 21, 1981 (Workmen's Compensation Act bars joinder of employer as additional defendant for the purpose of determining employer's right to subrogation and third-party tort-feasor's right to credit for the amounts paid to employee in workmen's compensation); *Heckendorn v. Consolidated Rail Corp.,* 293 Pa.Super. 474, 439 A.2d 674 (1981) *petition for allowance of appeal granted* April 27, 1982 (Workmen's Compensation Act bars joinder of employer as additional defendant by tort-feasor seeking contribution or indemnity).

■ The decision we make as to the first question certified to us in this case answers the second and third question. There is no "common law right of action for indemnity and/or contribution" against an alleged third party tort-feasor. And the applicable statute of limitations is that which is applicable to the employee's cause of action against the third party tort-feasor.

The case is remanded to the trial court with a procedendo. Jurisdiction is relinquished.

---

**7.** 42 Pa.C.S.A. § 7102 (Purdon Pamp.1982).