**ERIE CASTINGS COMPANY, Appellant,**

v.

**GRINDING SUPPLY, INC. and Acme Abrasive Company, Appellees.**

No. 83–5701.

United States Court of Appeals, Third Circuit.

Argued April 25, 1984.

Decided June 12, 1984.

Irving Murphy (argued), Russell S. Warner, MacDonald, Illig, Jones & Britton, Erie, Pa., for appellant.

John G. Gent (argued), George Joseph, Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., for appellees.

Before ALDISERT, WEIS and ROSENN, Circuit Judges.

### OPINION OF THE COURT

WEIS, Circuit Judge.

In this diversity case, we are called upon to decide whether a third party causing injury to an employee is liable to the employer for the increase in insurance premiums attributable to the employee's workmen's compensation claim. Lacking a controlling decision of the state supreme court, we predict that Pennsylvania would not allow such a recovery. We will therefore affirm the district court's judgment in favor of the defendants.

Plaintiff Erie Castings originally filed this suit in Pennsylvania state court, and the case was removed to federal court on diversity grounds. After discovery, both parties filed motions for summary judgment. The district court denied the plaintiff's motion and entered judgment for defendants.

In 1980 an employee of Erie Castings was injured when a grinding wheel exploded. The wheel had been manufactured by defendant Acme Abrasive and purchased by Erie Castings from defendant Grinding Supply. The employee, who had received $26,908.81 in workmen's compensation benefits from Erie's insurance carrier, sued Acme for damages under theories of strict liability and negligence. The case was settled for $185,000, and, under its subrogation rights, Erie's insurance carrier was reimbursed for its compensation payments, less attorneys' fees.

As a result of the employee's injury, Erie's premiums for workmen's compensation insurance increased substantially. Erie sought recovery of that sum in this suit based on strict liability, negligence, and breach of warranty. In denying recovery, the district court reasoned that the increase in premiums "is simply an additional part of the exchange the employer must bear to be free from employee lawsuits." Plaintiff appeals, contending that the damages are recoverable under Pennsylvania common law and the Uniform Commercial Code, 13 PA.CONS.STAT. ANN. § 2715(b) (Purdon 1983).

This case arose in Pennsylvania and the parties do not dispute that the law of that state applies. When the highest state court has not rendered an authoritative pronouncement, the task of a federal tribunal is to predict how that court would rule. *Keystone Aeronautics Corp. v. R.J. Enstrom Corp.*, 499 F.2d 146 (3d Cir.1974). The decisions of the state's intermediate appellate courts are to be given proper regard. *Connecticut Mutual Life Insurance Co. v. Wyman*, 718 F.2d 63, 65 (3d Cir.1983). "The policies underlying the applicable legal doctrines, the doctrinal trends indicated by these policies, and the decisions of other courts may also inform our analysis." *Pennsylvania Glass Sand Corp. v. Caterpiller Tractor Co.*, 652 F.2d 1165, 1167 (3d Cir.1981).

Pennsylvania first enacted workmen's compensation legislation in 1915, and the statute has been revised on several occasions. *See* PA.STAT.ANN. tit. 77, § 1 *et seq.* (Purdon 1952 & Supp. 1983). Since its inception, the statutory plan has been to supplant the employee's common law rights against the employer with a system of benefits payable to the employee by the employer, without regard to negligence or contributory fault. Employees received the assurance of prompt, fixed payments. In return, employers are immune from common law liability. Thus, through a series of trade-offs, the Act established an entirely new arrangement for workplace injuries.

Not every common law remedy of the injured employee was surrendered. The worker still retained the right to damages from a third party whose negligence was a proximate cause of the injury. The Act qualified that recovery by subrogating the employer to the rights of the employee against a third party "to the extent" of compensation benefits payable. PA.STAT. ANN. tit. 77, § 671 (Purdon Supp.1983).

Until 1974, the third party could join the employer as an additional defendant by alleging that its negligence contributed to the employee's injury. If joint liability was established, the third party sued by an

employee was entitled to contribution from the employer but only to the extent of the compensation specified in the Act. *Chamberlain v. Carborundum Co.*, 485 F.2d 31, 33 (3d Cir.1973); *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940).

In 1974 an amendment to the Act changed third party practice by providing that the employer could not be held liable for "damages, contribution, or indemnity," unless otherwise agreed in a written contract. PA.STAT.ANN. tit. 77, § 481 (Purdon Supp.1983). As a consequence, an employer may no longer be joined as an additional defendant by the third party in a suit by an employee. *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609 (1983).

Thus, the common law relationship between employer and employee is not the only one that has been altered by the Act. The employer also has been given immunity from certain claims by third parties. Further, the 1974 amendment improved the employer's situation by relieving it of the expense incurred in participating as an additional defendant in suits by employees against third-parties. *See* 42 PA.CONS. STAT.ANN. § 2252 (Purdon 1975).

The Act does not specifically address the issue in this case, namely, whether the employer may recover from a third party increased premiums resulting from an employee's claim. The statute does, however, provide background necessary for resolution of the matter.

Similarly, the appellate decisional law of the Pennsylvania state courts does not specifically respond to the question. The state Supreme Court has not yet considered the problem, but the Superior Court, an intermediate appellate body, has encountered the issue on two occasions.

In *Canada Dry Bottling Co. v. Mertz*, 264 Pa.Super. 480, 400 A.2d 186 (1979), an employee was killed in an automobile collision with a third party. The trial court allowed the employer a tort recovery against the third party that included not only the damage to the company car, but also the increase in workmen's compensa-

tion premiums resulting from the employee's death claim. On appeal, a majority of the Superior Court panel affirmed the judgment, but declined to rule on the issue of legal causation as it applied to the premium increase because that point had not been briefed by the third party. *Id.* at 487, 400 A.2d at 190. The dissenting judge reasoned that because the risk of increased premiums was not reasonably foreseeable the judgment should have been reversed. *Id.* at 495, 400 A.2d at 194 (Lipez, J. dissenting).

After this inconclusive decision, the court confronted the issue a second time in *Whirley Industries, Inc. v. Segel*, 316 Pa.Super. 75, 462 A.2d 800 (1983). That case also arose out of an automobile accident between an employee and a third party. In a per curiam opinion, the Superior Court denied the employer recovery of the premium increase, concluding that "the economic harm is too remote from the cause in fact to be attributable to the [third party]." *Id.* at 82, 462 A.2d at 804. It is significant that in *Whirley* the employer's subrogation right had been extinguished by the Pennsylvania Motor Vehicle No-Fault Act, PA. STAT.ANN. tit. 40, § 1009.101 et seq. (Purdon Supp.1983), which made Workmen's Compensation Act benefits the primary source of payment to an employee. The net result in *Whirley* was that the employer could not recover the increase in premiums resulting from the employee's claim and was barred from reimbursement of the compensation payments as well.

The *Mertz* and *Whirley* suits were both based on negligence, and there was no contractual relationship with the third parties on which to predicate a breach of warranty claim. Thus, although the *Whirley* case provides some clue as to the state's attitude on employer recovery under a tort theory, there is nothing to indicate what result would be reached in a Commercial Code setting. Consequential damages for breach of contract may be different than the foreseeable loss in tort. In addition, neither of the cases discussed whether suing to collect premiums was foreclosed by

the restrictions implicit in the workmen's compensation system. That consideration, which would apply equally to tort and contract cases, apparently was not called to the attention of either panel of the Superior Court.

In predicting how the Pennsylvania Supreme Court would rule on the overall issue encompassing contract as well as tort, it is helpful to refer to decisions in other jurisdictions. Defendants have called our attention to the opinion of the New Jersey Superior Court in *Multiplex Concrete, Inc. v. Besser Co.*, 153 N.J.Super. 531, 380 A.2d 708 (1977). In that case, an employee was killed as a result of a defect in machinery the employer had purchased from the defendant. The employee received compensation benefits but did not file an action against the defendant-manufacturer. As a result of the compensation claim, the employer's premiums were increased and suit was brought for reimbursement of that amount.

The New Jersey Workmen's Compensation Act grants subrogation rights to the employer, but "only for such rights of action as the injured employee ... would have against the third person." N.J.STAT. ANN. § 34:15–40 (West 1959). The court held that the employer could not recover the increased premiums. It reasoned that the claim was "not a primary cause of action which the employer has directly in its own right; rather it seeks damages directly related to the compensation payments made pursuant to the Workmen's Compensation Act." 153 N.J.Super. at 534–35, 380 A.2d at 710. Because the employee could not assert such a claim against the third party, neither could the employer.

The *Multiplex* court relied on the earlier decision of the New Jersey Supreme Court in *United States Casualty Co. v. Hercules Power Co.*, 4 N.J. 157, 72 A.2d 190 (1950). There, the compensation carrier for the employer sued the manufacturer of a defective product for breach of warranty to recover the benefits paid to an injured employee. The court reviewed the history of the New Jersey workmen's compensation plan and in it "perceive[d] a purpose to restrict the employer and his insurance carrier to the method of reimbursement provided for in the Act"—that is, through subrogation to the employee's rights against the third party in tort. *Id.* at 165, 72 A.2d at 195.

In *Hercules*, the employee had no right of action for breach of warranty and, consequently, neither did the employer. The court pointed out that the liability of the employer came "exclusively from a statutory liability which, not only prescribes a ground of recovery and a formula for compensation unknown to the common law, but also prescribes a method by which reimbursement for compensation paid thereunder may be had." *Id.* at 167–68, 72 A.2d at 196.

Plaintiff here would distinguish *Multiplex* because in describing the employer's subrogation rights, the New Jersey statute uses the words "only such right [that] the injured employee" would have against the third party. The Pennsylvania statute, on the other hand, says the employer "shall be subrogated to rights of the employee ... to the extent of the compensation payable under this article." We perceive no distinction of any significance between the two statutes in the present context. Both limit the employer's rights to those possessed by the employee. *Compare* N.J.STAT.ANN. § 34:15–40 (West 1959) *with* PA.STAT. ANN. tit. 77, § 671 (Purdon Supp.1983). The Pennsylvania statute is not less restrictive and indeed is specific in stating the amount recoverable is limited to the compensation payable. In short, the rationale of *Multiplex* does not lose its force despite the differences in statutory language.

Other states have also demonstrated a reluctance to permit recovery for increased premiums. *See Northern States Contracting Co. v. Oakes*, 191 Minn. 88, 253 N.W. 371 (1934) (too remote); *Fischer Construction Co. v. Stroud*, 175 Ohio St. 31, 191 N.E.2d 164 (1963) (too remote, no legislative intent to allow reimbursement); *cf. General Aniline & Film Corp. v. A.*

*Schrader & Son, Inc.,* 12 N.Y.2d 366, 239 N.Y.S.2d 868, 190 N.E.2d 232 (1963) (under breach of warranty, amount of compensation paid may be recovered by employer from third-party).

One other case deserves comment. In *Federal Marine Terminals, Inc. v. Burnside Shipping Co.,* 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969), the Supreme Court held that an employer's right to recoup compensation benefits from a third party was not restricted to the subrogation provision of the Longshoremen's & Harbor Workers Compensation Act, 73 Stat. 391 (codified as amended 33 U.S.C. § 933 (1982)). In that case, the applicable Illinois Wrongful Death Act, ILL.REV.STAT., ch. 70, § 2, provided for a lower recovery limit than that under the schedule in the LHWCA. The Court noted that the assignment provisions of the Act contained neither exclusivity provisions nor words of limitation. The Court also noted that the Act contained no "quid pro quo" in the relationship between the employer and third persons as it did in imposing absolute liability between employer and employee.

The Supreme Court's interpretation of the LHWCA in *Burnside* does not control the interpretation we must give the Pennsylvania Workmen's Compensation Act. Moreover, we find a significant difference between the two statutory schemes. The Pennsylvania statute exempts an employer from liability to a "third-party for damages, contributions or indemnity in any action at law or otherwise," unless by special written contract. PA.STAT.ANN. tit. 77, § 481. This employer immunity supplies the "quid pro quo" found lacking in the LHWCA.

■ The Superior Court of Pennsylvania has made it clear that the 1974 amendment was not merely a codification of then existing common law. "By this amendment the Legislature made the Pennsylvania Workmen's Compensation Act a complete substitute for, not a supplement to, common law tort actions." *Hefferin v. Stempkowski,* 247 Pa.Super. 366, 372 A.2d 869 (1977).

The cases in other jurisdictions that allow an employer to sue for compensation benefits on common law bases are not applicable in Pennsylvania. As the court in *Reliance Insurance Co. v. Richmond Machine Co.,* 309 Pa.Super. 430, 455 A.2d 686 (1983), held "there is no common law right of action for indemnity and/or contribution against an alleged third-party tortfeasor. Section 319 [PA.STAT.ANN. tit. 77, § 671] is an exclusive remedy, [and] an employer ... must proceed in an action brought on behalf of the injured employee." 309 Pa. Super. at 438, 455 A.2d at 690.

■ The *Whirley* court displayed a reluctance to allow a tort award for premium increases. The opinion is not definitive as to why the panel reached its result because two judges joined only in the judgment. Nonetheless, the lack of enthusiasm for permitting reimbursement is noticable, at least in the Superior Court.

Our reading of Pennsylvania law, particularly after the 1974 amendment, reveals an unmistakable trend to view the workmen's compensation system as the exclusive source of recovery not only for employees against their employer but also for the employer against third parties. In each instance, the Act exacts trade-offs—benefits and detriments—that are balanced, perhaps not precisely, but at least in some rough approximation.

The efforts of the employer in the case at hand distort that arrangement. As the district judge remarked, "Erie Castings is attempting by this lawsuit to tip the scales initially balanced by the social reform of workmen's compensation law too far in its favor."

The loss which the employer seeks as damages is a direct result of an injury to its employee. In establishing the employer's obligations to the employee, the Workmen's Compensation Act imposes "no fault" liability but limits the employer's exposure. On the other hand, in outlining the employer's relationship with third-parties, the Act allows for subrogation to the rights of the employee and protects the employer from liability to the third-party.

To deny an employer the right to recoup additional insurance premiums is consistent with the statutory plan. That additional detriment is simply part of the price the employer pays for the benefits conferred upon it by the Act.

We conclude, therefore, that Pennsylvania's Workmen's Compensation Act provides an exclusive remedy for the employer to recover expenditures incurred as the result of an employee's injury. That being so, the district court properly granted the defendant's motion for summary judgment. Accordingly, we will affirm the judgment of the district court.