## Evans v. D'Iorio

*David W. Knauer,* for plaintiffs.
*David W. Saba,* for defendant.

DALESSANDRO, *J.,* May 9, 1986 — This matter is before the court on defendant's preliminary objections.

## HISTORY AND FACTS

This action was commenced by the filing of a praecipe of summons on October 7, 1985. In response to defendant's praecipe for rule to file a complaint filed on November 22, 1985, the complaint was filed on December 13, 1985. Defendant filed preliminary objections on January 3, 1986. On January 16, 1986, an amended complaint was filed; the amended complaint added William and Denise Evans as plaintiffs and expanded into three separate counts.

The amended complaint alleges that on October 20, 1983, while in the course of employment with Roadway Express Inc., male plaintiff came into contact with toxic material while handling a shipment of Basazol Yellow 46; defendant, Dr. James P. D'Iorio, treated male plaintiff for toxic burns. It is averred that during Dr. D'Iorio's treatment of male plaintiff, the doctor gave various statements and advice to male plaintiff which allegedly were unwarranted by male plaintiff's condition and were "below the standard of care a competent and prudent physician would render."

The amended complaint further states that because of Dr. D'Iorio's treatment, male plaintiff suf-

fered post traumatic stress syndrome and other psychological impairments which prevented his return to work. In count I, Roadway seeks to recover additional workmen's compensation benefits which were paid to male plaintiff; counts II and III represent individual claims by male plaintiff and female plaintiff, respectively.

On February 4, 1986, defendant filed preliminary objections in the nature of a demurrer to the amended complaint. These preliminary objections are presently before the court for disposition.

## DISCUSSION AND LAW

Defendant demurs to the amended complaint, arguing that the amended complaint, which added male and female plaintiffs to the suit originally instituted by the use plaintiff, was filed after the expiration of the statute of limitations pertinent to male plaintiff's individual claim against defendant; defendant contends that because the primary or underlying claim of male plaintiff is barred by the applicable statute of limitations, the amended complaint is thus a nullity. Both counsel recognize that the rights of Roadway, as the use plaintiff, are established by section 671 of the Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §1, et seq.

In pertinent part, section 671 of the act provides:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee, . . . against such third party to the extent of the compensation payable under this article by the employer. . . ." 77 P.S. §671. In *Reliance Inc. Co. v. Richmond Machine Co.,* 309 Pa. Super. 430, 455 A.2d 686 (1983), the Superior Court held that this section is an exclusive remedy, and for an employer, or its insurer, to enforce its subrogation

rights, it must proceed in an action brought on behalf of the injured party and against the third party: "[i]f such liability is determined, then the employer or its insurer may recover, out of an award to the injured employee, the amount it has paid in worker's compensation benefits." *Reliance* at 438, 455 A.2d at 690.

The *Reliance* court held that the applicable statute of limitations is that which is applicable to the employee's cause of action against the third-party tort-feasor; section 671 of the act does not provide an employer, or its insurer, with a cause of action in its own right against a third party. The Superior Court expressly rejected recognizing a cause of action, especially "where the liability of the alleged third party tort-feasor has not been determined, and where the statute of limitations for personal injury actions has barred an action for trespass against the alleged tort-feasor." *Reliance* at 437, 455 A.2d at 690.

In support of their position, plaintiffs argue that a statute-of-limitations defense is an affirmative defense and must be raised under new matter, rather than by means of preliminary objections. Pa.R.C.P. 1030. We are mindful of this rule, and likewise acknowledge the benefits achieved by a speedy resolution of disputes. Under the unique factual circumstances of this case, particularly in light of the principles of *Reliance*, supra, disposition of this matter will not be constrained by the precepts of rule 1030.

This matter is presently before the court because Roadway failed to timely file a legally sufficient complaint. Roadway, in its own right, is incapable of bringing suit against defendant, under the facts of this case; however, the Evanses, with whom this cause of action properly lies, were not added as par-

ty plaintiffs until approximately two years and two months after the cause of action accrued. Thus, since the Evanses' cause of action is barred by the statute of limitations applicable to personal injury cases, Roadway, in its own right, cannot maintain this action. Accordingly, defendant's preliminary objections in the nature of a demurrer are sustained.

## ORDER

It is hereby ordered:

(1) Defendant's preliminary objections in the nature of a demurrer are sustained.

(2) Judgment is entered in favor of defendant, and against plaintiffs.