1997 SD 38

**Stewart SCHIPKE and Lafay Schipke, d/b/a Fay's Refrigeration, Plaintiffs and Appellants,**

v.

**Patty GRAD, Defendant and Appellee.**

No. 19632.

Supreme Court of South Dakota.

Considered on Briefs on Dec. 4, 1996.

Decided April 9, 1997.

Kent Hyde of Hyde & Allred Law Office, Aberdeen, for Plaintiffs and Appellants.

Mark J. Welter of Woods, Fuller, Shultz & Smith, Sioux Falls, for Defendant and Appellee.

GILBERTSON, Justice.

[¶ 1.] LaFay and Stewart Schipke, d/b/a/ Fay's Refrigeration (Schipke), appeal from a summary judgment granted to Patty Grad (Grad). We affirm.

## FACTS AND PROCEDURE

[¶ 2.] Schipke is Jon Grad's employer. Jon is married to Patty Grad, the defendant and appellee in this action. On November 25, 1991, Grad dropped her husband, Jon, at his work site. While Jon was removing tools from the back of their vehicle, Grad's foot slipped off the clutch and the vehicle started to roll backwards. Jon slipped while attempting to move out of harm's way. The vehicle's left rear tire rolled over Jon's left foot, causing injury. Employer Schipke paid workers' compensation benefits to Jon in the amount of $11,429 as a result of the accident.

[¶ 3.] In 1994 and 1995, Schipke experienced increases in his workers' compensation insurance premium. Schipke alleges Jon's injury is the sole proximate cause of his increased insurance premiums. Schipke paid an additional $6,967.62 in premiums in 1994, and an additional $5,168.00 in premiums in 1995. At the time of filing this action, the amount of Schipke's premium for 1996 was unknown, but it, too, was expected to increase as a result of Jon's accident, according to Schipke. The increase in premiums exceeds the amount of workers' compensation benefits paid to Jon.

[¶ 4.] Schipke brought suit against Grad, as third-party tortfeasor, to recover the increase in workers' compensation insurance premiums. Grad moved for summary judgment on grounds that SDCL 62-4-40 precluded such an action and that there is no genuine issue of material fact. The circuit court granted summary judgment in favor of Grad and against Schipke. Schipke appeals raising the following issues:

1.  Whether the subrogation remedy of SDCL 62-4-40 precludes a cause of action by an employer against a third-party tortfeasor to recover increases in employer's workers' compensation insurance premiums?

2.  Whether the third-party tortfeasor, having knowledge of the employment relationship and the potential availability of workers' compensation benefits, is liable to employer for the increase in employer's workers' compensation insurance premiums?

## STANDARD OF REVIEW

[¶ 5.] Our standard of review of a trial court's grant or denial of a motion for summary judgment is well-settled. In reviewing the trial court's decision:

"we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the non-moving party and reasonable doubts should be resolved against the moving party. The non-moving party, however, must present spe-

cific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper."

*Petersen v. Dacy*, 1996 SD 72, ¶ 5, 550 N.W.2d 91, 92 (1996) (quoting *Trippet Special Trust v. Blevins*, 1996 SD 29, ¶ 6, 545 N.W.2d 216, 221 (1996)); *Waddell v. Dewey County Bank*, 471 N.W.2d 591, 593 (S.D. 1991); *see also, Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968).

[¶ 6.] However, this appeal also raises issues involving statutory interpretation, which present a question of law and are reviewed de novo. *Moss v. Guttormson*, 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17 (1996).

"The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject."

*Id.* (quoting *U.S. West Communications, Inc. v. Public Utilities Comm'n*, 505 N.W.2d 115, 122–23 (S.D.1993)).

1. SDCL 62–3–2 provides:

The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death against his employer or any employee, partner,

## ANALYSIS AND DECISION

[¶ 7.] **Whether the subrogation remedy of SDCL 62–4–40 precludes a cause of action by an employer against a third-party tortfeasor to recover increases in employer's workers' compensation insurance premiums?**

[¶ 8.] SDCL 62–4–40 provides the rule for employer's recovery from a third-party tortfeasor:

If compensation is awarded under this title, the employer having paid the compensation, or having become liable therefor may collect in his own name or that of the injured employee, or his personal representative, if deceased, from any other person against whom legal liability for damage exists, the amount of such liability and shall hold for the benefit of the injured employee or his personal representative, if deceased, the amount of damages collected in excess of the amount of compensation paid such employee or his representative, less the proportionate necessary and reasonable expense of collecting the same, which expenses may include an attorney's fee not in excess of thirty-five per cent of damages so collected, and shall be subject finally to the approval of the department.

Schipke argues this statute does not provide the only remedy available to him and claims support for his position in SDCL 62–3–2 which limits the rights and remedies of an employee to those provided by the workers' compensation statutes, but does not so limit employers' rights and remedies.[1] Schipke claims that if an employer chooses to bring suit under SDCL 62–4–40, that statute controls; if the employer chooses not to do so, SDCL 1–1–24 provides that a common law remedy is available to the employer.[2]

[¶ 9.] Schipke brought a common law action in tort against Grad to collect his in-

officer or director of such employer, except rights and remedies arising from intentional tort.

2. SDCL 1–1–24 provides, in part:

In this state the rules of the common law, including the rules of the law merchant, are in force, except where they conflict with the will of the sovereign power[.]

crease in workers' compensation insurance premiums. He did not seek to recover compensation benefits paid to Grad. The question before this Court is not whether Schipke could prevail in such an action, but whether such a cause of action is available to him. This presents a question of first impression.

[¶ 10.] Workers' compensation laws are purely statutory and " 'the rights of the parties and the manner of procedure under the law must be determined by its provisions.' " *Nilson v. Clay County*, 534 N.W.2d 598, 601 (S.D.1995) (quoting *Caldwell v. John Morrell & Co.*, 489 N.W.2d 353, 364 (S.D.1992)). The rule that ambiguities in workers' compensation statutes be construed liberally in favor of the injured employees, *id.*, does not apply here where the underlying action involves an employer's suit against a third party to recover damages personal to the employer. Schipke urges the workers' compensation statute does not provide his exclusive remedy and that he has a cause of action available to him under the common law. We disagree.

[¶ 11.] The South Dakota Legislature enacted the Workers' Compensation Act in 1917. The Act supplanted tort law as a means of providing employees injured in the course of their employment with reimbursement for medical care and wage benefits. The Act provides the employees' exclusive remedy and eliminates the necessity of proving negligence and, for the most part, fault. From the employer's perspective, she or he is spared the unpredictability of a jury's award of tort damages and is granted total immunity from suit for its own negligence in exchange for payment of workers' compensation insurance. The cost of providing workers' compensation insurance is generally written into the cost of doing business and, in that sense, is passed along to the public. *See Oviatt v. Oviatt Dairy, Inc.*, 80 S.D. 83, 85, 119 N.W.2d 649, 650 (1963) ("A recognized purpose of the Workmen's Compensation Law is to transfer from the worker to the employer, and ultimately to the public, a greater portion of the economic loss due to industrial accidents and injuries....").

[¶ 12.] Many courts who have addressed the question of the employer's right to recover increased insurance premiums caused by the negligent act of a third party, and have answered this question in the negative, holding the economic harm too remote to be recoverable. *See Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co.*, 115 F.2d 277, 282–83 (4thCir.1940); *Fischl v. Paller & Goldstein*, 231 Cal.App.3d 1299, 282 Cal.Rptr. 802, 804 (1991); *RK Constructors, Inc. v. Fusco Corp.*, 231 Conn. 381, 650 A.2d 153, 156–57 (1994); *Unique Paint Co., Inc. v. Wm. F. Newman Co., Inc.*, 201 Ga.App. 463, 411 S.E.2d 352, 353 (1991); *Northern States Contracting Co. v. Oakes*, 191 Minn. 88, 253 N.W. 371 (1934); *Fischer Constr. Co. v. Stroud*, 175 Ohio St. 31, 191 N.E.2d 164 (1963); *Whirley Industries, Inc. v. Segel*, 316 Pa.Super. 75, 462 A.2d 800, 804 (1983). *Cf. Continental Casualty Co. v. P.D.C., Inc.*, 931 F.2d 1429 (10thCir.1991); *Zawadzki v. Checker Taxi Co.*, 539 F.Supp. 207 (N.D.Ill. 1982); *Steele v. J & S Metals, Inc.*, 32 Conn. Supp. 17, 335 A.2d 629 (1974) (denying recovery for employers' loss of profits due to negligent injury of employee by third-party tortfeasor). *See also* W. Prosser & W. Keeton, Torts (5th ed 1984) § 129, at 998 (Under a theory of interference with a contractual relationship, "[r]ecovery has also been denied for damages other than the value of the services themselves, as for example ... an increased workmen's compensation insurance premium resulting from the injury").

[¶ 13.] However, we find ourselves in agreement with those courts that have denied recovery on the ground that the employer, having no more rights under the workers' compensation statutes against a negligent third party than the employee injured by the third party's negligence, has no right to sue for increased premiums. *See Erie Castings Co. v. Grinding Supply, Inc.*, 736 F.2d 99 (3d Cir.1984) (applying Pennsylvania law); *Multiplex Concrete Co., Inc. v. Besser Co.*, 153 N.J.Super. 531, 380 A.2d 708 (1977); *see also United States Casualty Co. v. Hercules Powder Co.*, 4 N.J. 157, 72 A.2d 190 (1950); *Reliance Ins. Co. v. Richmond Machine Co.*, 309 Pa.Super. 430, 455 A.2d 686 (1983). The rationale of these cases does not lose its force despite the differences in the statutory language.

[¶ 14.] SDCL 62–4–38 [3] provides an election of remedies to the injured employee where the injury sustained is the legal liability of a third party. The employee may claim workers' compensation from the employer or pursue a legal action against the third party, but may not collect from both. If the employee has collected from both, the employer is reimbursed for the amount of the workers' compensation paid less the reasonable expense of collecting same. SDCL 62–4–39.[4]

[¶ 15.] The statutory scheme further provides a means for the employer to collect from the third party, where workers' compensation benefits have been awarded to the injured employee. SDCL 62–4–40. Under this statute, any amount collected in excess of the workers' compensation award is to be held for the benefit of the injured employee. The Workers' Compensation Act provides no other remedy to the employer to recover from a third party where the employee has elected to claim workers' compensation under § 62–4–38 and benefits have been awarded. The language of § 62–4–40 which permits recovery by employer from the liable third party evinces a purpose to restrict this right to only those causes of action which would be available to the employee, or his personal representative, if the employee is deceased. The employer's rights, therefore, are limited to those possessed by the employee. The cause of action cannot be extended beyond what was authorized by the Legislature.

[¶ 16.] Here, Schipke seeks damages not through a cause of action he has in his own right, but one that is directly related to the compensation payments made under the Workers' Compensation Act. "While the employer is not directly suing to recover on its employee's rights, it is pursuing a cause of action arising out of its obligation established by law for the benefit of the employee." *Multiplex Concrete Co.*, 380 A.2d at 710. As our workers' compensation statutes provide the exclusive remedy for recovery, Schipke's action against Grad is not one that he is free to maintain. The increase in workers' compensation premiums is merely a part of the exchange the employer must bear to be free from employee lawsuits. Our holding under this issue deems moot any discussion under Schipke's second issue raised.

[¶ 17.] Affirmed.

[¶ 18.] MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., concur.

---

3. SDCL 62–4–38 provides:

   If an injury for which compensation is payable under this title has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at the employee's option, either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person. However, in the event the injured employee recovers any like damages from such other person, the recovered damages shall be an offset against any workers' compensation

which the employee would otherwise have been entitled to receive.

4. SDCL 62–4–39 provides:

   If compensation has been awarded and paid under this title and the employee has recovered damages from another person, the employer having paid the compensation may recover from the employee an amount equal to the amount of compensation paid by the employer to the employee, less the necessary and reasonable expense of collecting the same, which expenses may include an attorney's fee not in excess of thirty-five percent of compensation paid, subject to § 62–7–36.