The motion is to strike the bill of complaint on the ground that it does not set forth an equitable cause of action. Other grounds asserted are included in the general ground stated.
The bill of complaint is by an employer for the use and benefit of its insurance carrier against the former's employee, and seeks to impress a trust in favor of the complainants upon funds which it is anticipated will come into the employee's hands from the United States Government as a result of Congressional action. The facts alleged in the bill, and which for the purposes of this motion are taken as true, are as follows:
The defendant, on August 18th, 1944, was employed by the complainant Dugan Brothers as a route salesman and, while so employed in driving one of this complainant's trucks, suffered injuries as a result of a collision between complainant's truck and a United States Army truck. He applied for and received compensation pursuant to the New Jersey Workmen's Compensation Act from the Maryland Casualty *Page 320 
Company, Dugan Brothers' insurance carrier, amounting to about $1,300. The complainant gave the statutory notice (R.S.34:15-40) to the United States Government which in response thereto denied liability and stated that it did not recognize subrogation claims by an insurance carrier. The defendant has filed a claim with the United States Government but the claim has been neither allowed nor disallowed. The defendant, through his solicitor, has told complainants that if the claim is allowed and paid he does not intend to reimburse them for the compensation payments which he has received. And the bill charges that if defendant receives payment of his claim against the United States Government and fails to reimburse the complainant Dugan Brothers or its insurance carrier, he will "be unjustly enriched by having recovered twice for the same injuries, and the complainants will be deprived of moneys properly due to them under the New Jersey Revised Statutes."
The bill prays that defendant be restrained from disposing of any moneys received by him from the United States Government in satisfaction of his said claim unless and until the complainants have been reimbursed for their compensation payments; that any moneys so received by the defendant be impressed with a trust in favor of the complainants to the extent of the compensation payments; that the defendant furnish a bond with sureties, and that complainants have such other and further relief as may be just and equitable.
It is clear that whatever rights to reimbursement the complainants have are purely statutory (Standard Surety andCasualty Co. v. Murphy, 129 N.J. Eq. 284) and derived fromR.S. 34:15-40. Such rights to reimbursement are predicated upon the liability of a third-party tort feasor. The opening words of the cited section of the Workmen's Compensation Act are "Where a third person or corporation is liable to the employee, c." (Italics mine.) That this means legally liable is apparent from succeeding provisions of the same section for civil actions against third-party tort feasors by the employer or insurance carrier in the name of the injured employee. The statute must be strictly construed, Standard Surety and Casualty Co. v.Murphy, supra. It is *Page 321 
conceded in the brief of counsel for the complainants that the United States Government is not legally liable in damages for the defendant's injuries — "that at the time of this accident the United States Government had not consented to be sued for torts" — although for torts committed after January 1st, 1945, such consent has been given. And that there is no such legal liability in the instant case, see United States v. Clarke, 8 Peters436; United States v. Thompson, 66 Lawyer's Ed. 299; WilberNational Bank v. United States, 294 U.S. 120; Sanguinetti v.United States, 264 U.S. 146; Keokuk Hamilton Bridge Co. v.United States, 260 U.S. 125; Journal Tribune Co. v. UnitedStates, 254 U.S. 581. In 71 C.J. 1570 § 1609, the text reads as follows:
"In order that an employer or his insurer may be entitled to assert rights against a third person, the circumstances surrounding the injury to the employee must be such as to create liability of such third person, and it has been held or recognized that the third person is not liable in the absence of any actionable wrong on his part which was the proximate cause of the injury to * * * the employee." (Italics mine.)
Clearly, the complainants have no right of action against the United States, and our statute confers no such right against the defendant, for reimbursement.
The argument that the defendant will be unjustly enriched by the retention of any moneys received by him from the United States Government is disposed of by the decision of our court of last resort in the Standard Surety and Casualty Co. Case,supra. And this court cannot impress a trust upon a non-existent fund. The defendant has received no moneys from the United States Government and may never receive any. If he does, it will be in the nature of a voluntary payment or contribution from one who is under no legal liability to make it. It will hardly be contended that complainants would have any right to reimbursement from moneys voluntarily contributed to the defendant by sympathetic strangers to the episode out of which this controversy arose. From a strictly legal standpoint I can view possible payments or contributions by the United States Government in no different category. To such a view I am bound by the statute. *Page 322 
I have reluctantly concluded that the motion to strike the bill must be granted. I say "reluctantly" because I believe that, as was said by Judge Ackerson in Henry Steers, Inc., v. Turner,c., Co., 104 N.J. Law 189, the cited section (R.S. 34:15-40) of the Workmen's Compensation Act should "be liberally construed to effectuate the purpose of its enactment, which was * * * to reimburse the employer for payments which the act required of him, regardless of the question of his negligence, from the person who was the wrongdoer." In the cited case, the Court of Errors and Appeals unanimously adopted Judge Ackerson's opinion, and by such adoption approved the quoted statement. I believe one of the purposes of the act was also to prevent double compensation to the injured employee and the consequent unjust enrichment which was brushed aside in the Standard Surety andCasualty Co. Case, supra. From an equitable standpoint I think the defendant should be required to reimburse the complainants if he recovers full compensation from the United States Government. As the design of the statute "was to advantage the employer — to give him the benefit of the moneys thus paid" to the injured employee (Savitt v. L. F. Construction Co.,124 N.J. Law 173, 174), the fact of recovery, not the how nor why, should control. But, as already stated, the complainants' rights are strictly legal — statutory only — and this court is powerless to extend the scope of the statute. The remedy, if any, lies with the legislature and not with the courts. The bill will be stricken. *Page 323