39 N.J. Super. 507 (1956)
121 A.2d 431
PERRY E. BELFATTO, PLAINTIFF,
v.
MASSACHUSETTS BONDING AND INSURANCE COMPANY, AUTHORIZED TO TRANSACT INSURANCE BUSINESS IN NEW JERSEY, AND COMMERCIAL INSURANCE COMPANY OF NEWARK, N.J., AUTHORIZED TO TRANSACT INSURANCE BUSINESS IN NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 15, 1956.
*508 Mr. Louis C. Jacobson, attorney for plaintiff.
Mr. Paul J. O'Neill, attorney for defendant Massachusetts Bonding and Insurance Co.
Messrs. Lum, Fairlie & Foster, attorneys for defendant Commercial Insurance Company of Newark.
DREWEN, J.C.C. (temporarily assigned).
The question is whether settlement of a third-party action brought by an injured workman under the provisions of N.J.S.A. 34:15-40 may, on the workman's part, be carried out upon his own *509 authority and right as sui juris plaintiff in the cause; or whether acceptance of a settlement proffered the workman requires, under the statute mentioned, approval by a compensation insurance carrier having a lien for compensation payments and the payment of medical expenses under the compensation award.
The facts are fully stipulated. One Antoinette Schmidt suffered a compensable injury while in the employ of Victory Bar & Grill, Inc. Claim petition was filed and such proceedings were had thereunder that an award and allowances were made to claim-petitioner. Defendant Massachusetts Bonding and Insurance Company, as the employer's insurance carrier, made payments on the award aggregating $2,816.07. Some time prior to the making of the award and pending determination of the claim therefor, the claim-petitioner instituted a third-party action at common law, within the provisions of the statute, supra, against one Bernson, as owner of the premises upon which the workman's injury had occurred. The defendant Commercial Insurance Company was insurance carrier for the third-party defendant.
Plaintiff herein was attorney for the claim-petitioner in the compensation proceedings and also for the plaintiffs (husband and wife) in the third-party action. While the latter cause was at issue plaintiffs and the aforementioned Commercial Insurance Company had arrived at an agreement that the action be terminated and releases given upon the payment to plaintiffs of the sum of $1,750. Conclusion of the settlement was prevented solely by the refusal of the Massachusetts Bonding and Insurance Company to release its lien, that company taking the position that no settlement of the third-party action was acceptable to it unless for an amount at least equal to that of its lien claim for the sum first aforementioned.
Plaintiff herein asks the payment of the proposed settlement fund into court; that his fees and costs be paid therefrom within the allowances fixed by the statute, supra; and that the balance remaining after the payment of such additional sums as may be allowed to defendant Commercial *510 Insurance Company of Newark, be paid to Massachusetts Bonding and Insurance Company for the release of its lien upon the third-party cause pursuant to the provisions of the statute.
It is pertinent for present purposes to quote the statute in part as follows (italics supplied):
"In the event that the employee * * * shall recover and be paid from the said third person or corporation, any sum in release * * * on account of his or its liability to the injured employee, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.

* * * * * * * *
(c) If the sum recovered by the employee as aforesaid is less than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be liable for the difference, plus the employee's expenses of suit and attorney's fee as hereinafter defined, and shall be entitled to be reimbursed, as hereinafter provided for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employee * * * as exceeds the amount of such difference plus such employee's expenses of suit and attorney's fee.
(d) If at any time prior to the payment by the third person or corporation to the injured employee * * *, the employer or his insurance carrier shall serve notice, as hereinafter provided, upon such third person or corporation that compensation has been applied for by the injured employee * * * it shall thereupon become the duty of such third person or corporation, before making any payment to the injured employee * * *, to inquire from such employer or his insurance carrier * * *. Where such notice shall have been served, it shall further become the duty of such third person or corporation, before making any payment as aforesaid, to inquire from such injured employee * * * the amount of the expenses of suit and attorney's fee, or either of them in the action or settlement of the claim against such third person or corporation. Thereafter, out of that part of any amount about to be paid in release * * * by such third person or corporation on account of his or its liability to the injured employee, the employer or his insurance carrier shall be entitled to receive from such third person or corporation so much thereof as may be due the employer or insurance carrier pursuant to subparagraph (b) or (c) of this section. Such sum shall be deducted by such third person or corporation from the sum to be paid in release * * * and shall be paid by such third party or corporation to the employer or his insurance carrier. * * *"
The statute is a clarifying declaration of a compensation claimant's right to sue at common law a third-party *511 co-tortfeasor, and presents in its entirety a scheme for enabling the workman to bring action for full recovery of compensatory damages without delimitation of the compensation award, at the same time making provision against double payment to the workman in whole or in part as claimant and suitor, and for the reimbursement of insurance carriers out of any excess recovered for money expended by the carrier to the workman or on his behalf. The statute is in derogation of the common law. It is to be strictly construed. Dugan Bros. of New Jersey v. Robinson, 139 N.J. Eq. 318 (Ch. 1947); Standard Surety & Casualty Co. of New York v. Murphy, 129 N.J. Eq. 284 (E. & A. 1940). Neither by implication nor direct proviso does it confer upon the carrier any authority or control over the common-law action, save in instances where the workman, having failed to bring the action within one year, fails also to bring it within ten days following the service upon him of written demand that he do so. The latter circumstance is not here involved.
Repeatedly the statute predicates the disposition of recovery moneys upon the receipt thereof by the workman as third-party plaintiff; and the proviso in these instances is always in the equally unqualified contingency of such receipt by "release or a judgment." This significance attaches especially to the language of sub-paragraph (f) already referred to: "When an injured employee or his dependents fail within one year of the accident to either effect a settlement with or institute proceedings for the recovery of damages * * * against the third person * * *, the employer or his insurance carrier, ten days after a written demand * * * can either effect a settlement with or institute proceedings against the third person * * * for the recovery of damages * * *." The latter provision and those of the entire sub-paragraph from which it is taken are clearly effectual in providing the circumstances, and the only circumstances, in which the carrier may conclude a settlement on its own independent authority. And as already noticed, where the statute contemplates the receipt of moneys by the workman as common-law plaintiff, it is in the totally undifferentiated *512 instances of settlement (that is "in release") or judgment. Certainly the carrier is not to be thought of as deriving any authority from the statute for participating in the common-law action in its development toward judgment, and I can find in the statute no more reason for thinking of the carrier as in any way entitled to control a settlement in the circumstances presented by the facts in this case. The common-law action sanctioned by the statute is an independent and substantive thing; and as the law now stands the right to settle such an action must be regarded as integrally a part of the right to bring it.
The situation here does, however, suggest a pertinent query. Where the proffered settlement is less than the carrier's lien, and where all settlement moneys after proper deductions (including statutory counsel fees) must therefore be paid to the carrier toward the discharge of its lien, should the carrier be denied control of the settlement? The statute contains no accommodating proviso for a situation of this kind. Moreover, the problem is complicated for one thing by its involvement of the right of counsel to the statutory fees, a right by which the interests of the plaintiff have, in the circumstances, been supervened. To say that the contingency cited is conceivably a proper subject for legislative consideration is not to say that this court can or should improvise measures for satisfying it in the present instance, that is in the absence of statutory or other authority therefor. See Dugan Bros. of New Jersey v. Robinson, supra.
Our Supreme Court has recognized the fact to be that in the statute sub judice "there is retained for the benefit of the injured employee or his dependents the benefit of his common-law action against" the third-party defendant. United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157, 165 (1950). In the same case the court finds in the statute "a purpose to restrict the employer and his insurance carrier to the method of reimbursement provided for in the Act." Id., 4 N.J., at page 165.
Judgment for the plaintiff.