G. Robert Wither, J.
This is a motion by defendant Daniel J. O’Sullivan for an order dismissing the complaint herein as against him.
It appears that plaintiff’s intestate was injured and died on December 11, 1957 by reason of an automobile accident wherein his car was in collision with one owned and operated by defendant, Daniel J. O’Sullivan. At the time, he was in the employ of a company whose workmen’s compensation carrier was the American Motorist Insurance Company, Inc. On March 21, 1958 his widow wrote a letter to said carrier in which she stated that she did not intend to bring an action against Daniel J. O’Sullivan for damages, except with respect to property, caused by the accident, that pursuant to section 29 of the Workmen’s Compensation Law she was assigning her claim for such damages to said compensation carrier, and that her letter of assignment was sent in reliance on a letter from the carrier to her attorney dated March 19, 1958. On April 4, 1958 in compensation court the widow was granted an award against the employer and said American Motorist Insurance Company, Inc., compensation carrier.
More than six months thereafter, to wit, on October 20, said compensation carrier instituted an action against said Daniel J. O ’Sullivan and another to recover damages for the injuries and death caused to the employee, plaintiff’s intestate. In the complaint in that action it was alleged that an award had been made to the widow against the carrier, that the carrier had duly notified the widow as provided in section 29 of the Workmen’s Compensation Law that her failure to institute suit upon her claim within the time provided by that law would operate as an assignment of the cause of action to the carrier, that no action had been commenced by the widow although more than the time specified in the statute had elapsed, and that the cause of action was duly assigned to the carrier by operation of law. On or about December 1,1958, however, the carrier discontinued such action.
On January 19, 1959 the widow, as administratrix of her deceased husband’s estate, instituted the present action against Daniel J. O’Sullivan and another to recover for the said wrongful death of her husband. Defendant Daniel J. O’Sullivan has moved to dismiss the complaint upon the ground that it *869 appears that the cause of action was duly assigned to the compensation carrier, American Motorist Insurance Company, Inc., and that hence the plaintiff has no legal right to maintain the action.
In behalf of the plaintiff an affidavit is submitted from the compensation secretary of the carrier stating that in fact no notice under subdivision 2 of section 29 of the Workmen’s Compensation Law was ever sent from the carrier to the widow, and it is claimed that therefore the cause of action still belongs to her.
Subdivision 2 of section 29 of the Workmen’s Compensation Law provides in part as follows: “ the failure of the injured employee or his dependents to commence an action pursuant to the provisions of subdivision one of this section, shall not operate as an assignment of the cause of action as provided herein, unless the insurance carrier shall have notified the claimant in writing by personal service or by registered mail at least thirty days prior to the expiration of the time limited for the commencement of an action by subdivision one, that such failure to commence such action shall operate as an assignment of whatever cause of action may exist to such insurance carrier. If the insurance carrier shall fail to give such notice, the time limited for the commencement of an action by subdivision one shall be extended until thirty days after the insurance carrier shall have notified the claimant in writing that failure to commence an action within thirty days after the mailing of such notice shall operate as an assignment of the cause of action to such carrier, and in the event the claimant fails to commence such action within thirty days after the mailing of such notice, such failure shall operate as an assignment of such cause of action to such carrier.”
It is apparent that the carrier originally relied upon plaintiff’s letter of March 21 to it as obviating the necessity of it giving the statutory notice to her, as above quoted. After instituting its action in October for damages for the injuries to and death of the employee, it changed its position and discontinued the action; after which plaintiff instituted her action for the same relief.
The contents of the letter of March 19 by the carrier to the widow’s attorney, referred to in her letter of March 21 to the carrier, are not made known to the court on this motion, and it is assumed that such letter in itself did not constitute sufficient notice under the statute. Although the carrier swore in the original action that the statutory notice was given to the widow, it discontinued the action and has permitted its secretary to swear to an affidavit for use on this motion that no notice was *870 given; and the attorneys who represented the carrier in its action also represent the plaintiff herein. It seems, under the circumstances, that the carrier would have difficulty in changing its position once again to claim that a statutory assignment was effectuated. Thus the defendants are placed in no dilemma by reason of the events which have preceded this motion.
It is clear that a cause of action in negligence may not be assigned (Personal Property Law, § 41; General Acc., Fire & Assur. Corp. v. Zerbe Constr. Co., 269 N. Y. 227, 231), except by operation of law as provided in section 29 of the Workmen’s Compensation Law. (Commissioners of State Ins. Fund v. Low, 285 App. Div. 525.)
It would seem that the question is, did the plaintiff’s letter of March 21, 1958 substantially satisfy the requirement of the statute.
It is clear that the purpose of the provision for notice in the statute was to alert claimants to the fact of automatic assignment of the cause of action. Where it appears that a claimant has the required information, it would seem harmless for him to execute an instrument which reveals that he knows his rights and, in effect, waives the formal notice. There may, however, be some dangers involved in relaxing the strict letter of the statute. For example, what correspondence from a claimant shall be deemed sufficient to constitute a waiver of notice and to set the statutory assignment into operation, and who shall determine the question f We have here a case wherein the carrier has apparently taken both sides of the question, first assuming that the letter effectuated an assignment and then that it did not. It is probable, however, that its doubt has been more one of law as to the interpretation of the statute than of fact as to the meaning of the communication.
It comes down, possibly, to a matter of policy as to whether a statutory right so precisely specified by the Legislature and which is so easily capable of exact compliance, shall be permitted by court construction to become dubious and indefinite of determination. The question, in the case at bar, could be decided either way, but I am inclined to the view that the court should not whittle away the clarity and preciseness of the statute.
I hold, therefore, that the carrier having failed to give the required notice, statutory assignment of the cause of action was not effectuated, and that plaintiff is the owner of the claim and is a proper party plaintiff herein.
The motion to dismiss the complaint is therefore denied.
Submit order accordingly.