215 N.J. Super. 476 (1986)
522 A.2d 440
WAUSAU INSURANCE COMPANIES, A CORPORATION, PLAINTIFF-RESPONDENT,
v.
EULALIA ADAMES FUENTES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1986.
Decided June 13, 1986.
*477 Before Judges ANTELL, SHEBELL and MUIR.
Carol Loughrey argued the cause for appellant (Blume, Vazquez, Goldfaden, Berkowitz, Oliveras & Donnelly, attorneys).
Robert Silver argued the cause for respondent (Michals, Wahl, Silver & Leitner, attorneys; Robert Silver on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
Defendant suffered a job-related accidental injury and received workers' compensation benefits from plaintiff. Her attorney neglected to bring a third party product liability action within the period of limitations against the manufacturer of the machine on which defendant was working at the time of the accident and she thereafter filed a legal malpractice action against him which resulted in a settlement recovery of $115,000 and $670 a month for the rest of defendant's life. This appeal is from a declaratory judgment in the Law Division recognizing plaintiff compensation carrier's lien upon that recovery for compensation payments made.
Plaintiff's right to a lien derives from N.J.S.A. 34:15-40. That statute deals with the situation presented where "a third person is liable to the employee or his dependents for an injury or death. ..." (Emphasis ours). N.J.S.A. 34:15-40(a) obliges the employer or his insurance carrier to make compensation payments until the payment "by such person or his insurance carrier is made" by the third party. N.J.S.A. 34:15-40(b), upon which plaintiff depends, specifically recites the following:
If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents *478 less employee's expenses of suit and attorney's fee as hereinafter defined. [Emphasis ours].
Applying the rule that statutes in derogation of common-law must be strictly construed, Foy v. Dayko, 82 N.J. Super. 8, 12 (App.Div. 1964), we hold that plaintiff's right of recovery goes no further than to payments actually made by the "third person" whose tortious conduct contributed to the happening of the industrial accident. The lawyer whose delinquency deprived the employee of a possible recovery from the machine manufacturer does not take on the identity of the statutory "third person."
Moreover, it is problematical whether the compensation payments covered by the carrier's compensation lien would even have been recoverable in the malpractice action. Since only the carrier was entitled to those monies, and it was able to sue for them in its own right, N.J.S.A. 34:15-40(f), they could hardly be claimed as an element of damage suffered by defendant as a result of her former attorney's malpractice or contemplated as such by the malpractice settlement.
Responding to plaintiff's contention that the foregoing construction of the enactment results in a double recovery for defendant, we conclude that the remedy for this must be found with the legislature and not the judiciary.
We note in closing that plaintiff was not without resources to protect its own interests. N.J.S.A. 34:15-40(f) states:
When an injured employee or his dependents fail within 1 year of the accident to either effect a settlement with the third person or his insurance carrier or institute proceedings for recovery of damages for his injuries and loss against the third person, the employer or his insurance carrier, 10 days after a written demand on the injured employee or his dependents, can either effect a settlement with the third person or his insurance carrier or institute proceedings against the third person for the recovery of damages for the injuries and loss sustained by such injured employee or his dependents....
It does not appear that plaintiff availed itself of the remedy thus provided.
Reversed.