246 N.J. Super. 457 (1991)
587 A.2d 1322
BRETT A. ERRICKSON AND LEE ANN ERRICKSON, PLAINTIFFS-APPELLANTS,
v.
SUPERMARKETS GENERAL CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 29, 1991.
Decided March 19, 1991.
*460 Before Judges MICHELS, BRODY and D'ANNUNZIO.
Thatcher, Moss & McNeill, attorneys for appellants (Jerry M. Lonabaugh, of counsel and on the brief).
Marks, Kent & O'Neill, attorneys for respondent (Kevin G. Dronson, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiffs Brett A. Errickson (Errickson) and Lee Ann Errickson appeal from a summary judgment of the Law Division dismissing their personal injury negligence action against defendant Supermarkets General Corporation on the ground that it was barred by a settlement agreement entered into in the Law Division, Special Civil Part, between defendant and the workers' compensation insurance carrier for Errickson's employer pursuant to N.J.S.A. 34:15-40(f) of the Workers' Compensation Act.
This personal injury action arose from an accident which occurred July 14, 1986 on defendant's premises at Joyce Kilmer Industrial Park in Middlesex, New Jersey. Errickson claimed he slipped and fell on a dock plate, causing him to sustain personal injuries. At the time of the incident, Brennan Transportation Company (Brennan) employed Errickson as a truck driver. Since Errickson's injuries were work connected, he received medical and temporary workers' compensation benefits from Cigna Insurance Company (Cigna), Brennan's workers' compensation insurance carrier. In an attempt to recoup its payments to Errickson for medical and temporary compensation benefits, Cigna instituted an action against defendant in the Law Division, Special Civil Part, on July 24, 1987 in the name of "plaintiff Brett A. Errickson." By this action, Cigna, in Errickson's name, sought to recover damages for the personal injuries, *461 pain and suffering, medical expenses and loss of wages Errickson sustained as a result of the accident.
Defendant's attorney settled the claim with Cigna's attorney for $2500. Cigna's attorney prepared a general release and sent it to Errickson for his signature. Under the terms of the release, Errickson was to release "any and all claims embodied in a certain complaint filed in Superior Court of New Jersey, Special Civil Part, Law Division, Middlesex County bearing docket number 375360, involving injuries to [Errickson] ... on July 14, 1986." Errickson refused to sign the release. Instead, Errickson and his wife instituted this action seeking to recover damages for his personal injuries and loss sustained as a result of the accident. His wife, plaintiff Lee Ann Errickson, sued per quod for loss of consortium.
Defendant moved for summary judgment on the ground that Errickson's claim was barred by the settlement reached in the subrogation action instituted in the Special Civil Part by Cigna pursuant to the provisions of N.J.S.A. 34:15-40(f) of the Workers' Compensation Act. The trial court agreed and granted the motion. Subsequently, the trial court denied Errickson's motion for reconsideration and this appeal followed.
Errickson contends, among other things, that the trial court erred in granting summary judgment because genuine material issues of fact exist as to whether (1) Cigna had authorization to institute a subrogation action in the Special Civil Part in his name, and, if not (2) whether he acquiesced in Cigna's prosecuting that action. We agree and reverse.
Summary judgment is a stringent remedy and should not be granted unless the pleadings, affidavits and other papers show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moreover, where, as here, a subjective element is involved, such as Errickson's understanding of the effect of Cigna's subrogation action, summary judgment is to be granted with caution. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 76, 110 A.2d 24 (1954); Exxon Corporation v. *462 Wagner, 154 N.J. Super. 538, 541, 382 A.2d 45 (App.Div. 1977); Allen v. Planning Bd. of Evesham Tp., 137 N.J. Super. 359, 363-64, 349 A.2d 99 (App.Div. 1975). In evaluating such a motion, we are guided by the standards set forth in United Advertising Corp. v. Metuchen, 35 N.J. 193, 195-96, 172 A.2d 429 (1961), reaff'd, 42 N.J. 1, 198 A.2d 447 (1964), which stated:
Although it must be recognized that the summary judgment procedure has a needful place in our judicial system as a protection "against groundless claims and frivolous defenses, not only to save antagonists the expense of protracted litigation but also to reserve judicial manpower and facilities to cases which meritoriously command attention," Robbins v. Jersey City, 23 N.J. 229 [128 A.2d 673] (1957), sight should never be lost of the fact that such procedure is no substitute for a full plenary trial. Battle v. General Cellulose Co., 23 N.J. 538 [129 A.2d 865] (1957). Only where it is palpably disclosed that there is no genuine issue of fact and the movant is entitled to a judgment as a matter of law should the motion be granted, R.R. 4:58. It is the movant's burden to exclude any reasonable doubt as to the existence of a genuine issue of material fact. All inferences of doubt are drawn in favor of the opponent of the motion. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 [110 A.2d 24] (1954); Frank Rizzo, Inc. v. Alatsas, 27 N.J. 400 [142 A.2d 861] (1958).
In resolving the motion, the moving papers and all inferences therefrom are to be considered in the light most favorable to the party opposing the motion. Ruvolo v. American Cas. Co., 39 N.J. 490, 499, 189 A.2d 204 (1963); Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. at 75, 110 A.2d 24. If there is the slightest doubt as to the existence of a material issue of fact, the motion should be denied. Garley v. Waddington, 177 N.J. Super. 173, 179, 425 A.2d 1084 (App.Div. 1981). As stated in Brenner and Co. v. Perl, 72 N.J. Super. 160, 167-68, 178 A.2d 19 (App.Div. 1962):
The factual issues ... involved cannot be resolved on the basis of affidavits and depositions where inferences for and against the truth of facts grounding the existence of a cause of action arise therefrom, no matter how strongly they point in one direction or the other.
The point is, of course, that summary judgment should not be granted unless the right thereto appears so clearly as to leave no room for controversy. Considered in this light, we are satisfied that the trial court erred in granting summary judgment in favor of defendant. N.J.S.A. 34:15-40(f) of the Workers' Compensation Act (Act), in pertinent part, provides:

*463 (f) When an injured employee or his dependents fail within 1 year of the accident to either effect a settlement with the third person or his insurance carrier or institute proceedings for recovery of damages for his injuries and loss against the third person, the employer or his insurance carrier, 10 days after a written demand on the injured employee or his dependents, can either effect a settlement with the third person or his insurance carrier or institute proceedings against the third person for the recovery of damages for the injuries and loss sustained by such injured employee or his dependents and any settlement made with the third person or his insurance carrier or proceedings had and taken by such employer or his insurance carrier against such third person, and such right of action shall be only for such right of action that the injured employee or his dependents would have had against the third person, and shall constitute a bar to any further claim or action by the injured employee or his dependents against the third person.
N.J.S.A. 34:15-40 was enacted as part of a series of amendments to remedy the inequitable situation created by New Jersey's prior Act which permitted either the injured employee or his dependents to recover and retain the compensation payments from his employer required by the Act while, at the same time, recovering and retaining the full damages resulting from his common-law right of action in tort against the third-party wrongdoer. See generally A. Larson, The Law of Workers' Compensation § 71.20 (1989). N.J.S.A. 34:15-40 gives the employer and his workers' compensation insurance carrier a right of reimbursement out of the proceeds from any recovery obtained or settlement made with the third-party wrongdoer by either the injured employee or his dependents. Subsection (f) of N.J.S.A. 34:15-40 gives either the employer or his workers' compensation insurance carrier the right to institute proceedings against the third-party wrongdoer to recover damages for the injuries and loss sustained by either the injured employee or his dependents if they fail, within one year of the accident, to either (1) effect a settlement with either the third-party wrongdoer or his insurance carrier or (2) institute proceedings for recovery of damages for injuries and loss. See generally United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157, 163-65, 72 A.2d 190 (1950); Wausau Ins. Companies v. Fuentes, 215 N.J. Super. 476, 478, 522 A.2d 440 (App. Div. 1986); Bello v. Commissioner of Dept. of Labor and *464 Industry, 106 N.J. Super. 405, 412-13, 256 A.2d 63 (App.Div. 1969), rev'd on other grounds, 56 N.J. 41, 264 A.2d 222 (1970); Roberts v. All American Engineering Co., 104 N.J. Super. 1, 7-9, 248 A.2d 280 (App.Div. 1968), certif. denied, 53 N.J. 351, 250 A.2d 753 (1969); A. Larson, The Law of Workers' Compensation, § 74.14, 74.16(b) (1989) ("[L]ogic would dictate that the employee should have first priority. After all, it is his injury and his cause of action. The wheels of the subrogation machinery need not be set in motion at all if the employee exercises his normal common law rights; in this way there is a minimum of dislocation of regular procedures by the compensation act.")
The right of subrogation created by N.J.S.A. 34:15-40(f) does not arise and cannot be exercised by either the employer or his workers' compensation insurance carrier until 10 days after a written demand is made upon either the injured employee or his dependents to either effect a settlement or institute a proceeding against the third-party wrongdoer. This statutory right is contrary to the common law and in derogation of the employee's rights; therefore, it must be strictly enforced. See Wausau Ins. Companies v. Fuentes, 215 N.J. Super. at 478, 522 A.2d 440; Foy v. Dayko, 82 N.J. Super. 8, 12, 196 A.2d 535 (App.Div.), certif. denied, 41 N.J. 602, 198 A.2d 446 (1964); Belfatto v. Massachusetts Bonding and Insurance Co., 39 N.J. Super. 507, 510-12, 121 A.2d 431 (Ch.Div. 1956). See also Standard Surety & Casualty Co. of New York v. Murphy, 129 N.J. Eq. 284, 288, 19 A.2d 229 (E. & A. 1941); Dugan Bros. of New Jersey v. Robinson, 139 N.J. Eq. 318, 320, 51 A.2d 218 (Ch.Div. 1947). In the absence of the requisite written demand served upon either the injured employee or his dependents, neither the employer nor his insurance carrier has the right or power to institute proceedings against the third-party wrongdoer for either the injured employee's or his dependents' injuries and loss. See Belfatto v. Massachusetts Bonding and Ins. Co., 30 N.J. Super. at 510-12, 121 A.2d 431. See also Cockcroft v. Airco Alloys, Inc., 276 S.C. 184, 277 S.E.2d 587, 589-90 (1981); Application of George Matzner, 96 Misc.2d 198, 408 N.Y.S.2d 762, 764-65 (N.Y. Sup. Ct. 1978); *465 Crawford v. O'Sullivan, 19 Misc.2d 867, 189 N.Y.S.2d 724, 727-28 (N.Y. Sup. Ct. 1959); 101 C.J.S. Workmen's Compensation § 999 (1958).
Errickson claims that Cigna failed to give him the requisite statutory 10 days written demand and that he did not authorize Cigna to institute the subrogation action in his name. Defendant, on the other hand, claims that such notice was given, raising the factual issues as to whether there has been compliance with the written demand requirements of the statute and whether Cigna had the authority to institute the subrogation action in the first instance.
Moreover, although the written demand requirement of N.J.S.A. 34:15-40(f) is for the benefit of the employee and therefore, may be waived by such employee, see Poetz v. Mix, 7 N.J. 436, 448-49, 81 A.2d 741 (1951); 101 C.J.S. Workmen's Compensation § 999 (1958), we cannot conclude on this record that Errickson knowingly waived such requirement. Even though Errickson answered interrogatories in Cigna's subrogation action, he apparently did so at the request of Cigna's attorney to enable Cigna to recoup those medical expenses and temporary disability funds paid by it on his behalf without being advised of the effect the subrogation action would have on his personal claim against defendant by either Cigna or its attorney. Cigna neither notified Errickson that it would prosecute a subrogation action if Errickson did not commence an action on his own behalf thereby forfeiting that right nor informed Errickson that by his permitting the subrogation action to proceed and answering interrogatories he [Errickson] would be barred from pursuing his own personal injuries claim. Thus, while Errickson may have had knowledge that Cigna was prosecuting a subrogation claim in his name and he signed interrogatories during the course of that proceeding, different conclusions could be drawn from the totality of the circumstances as to whether Errickson acquiesced in and approved of Cigna's subrogation action with the knowledge that his personal injury claim against defendant would be barred.
*466 Finally, we point out that Poetz v. Mix, supra, relied upon by defendant, is clearly distinguishable and does not support the summary judgment entered in favor of defendant. First, on several occasions prior to instituting the subrogation action, the injured employee, Poetz, unlike Errickson, was apprised by the workers' compensation carrier's representative of both (1) his right to institute a personal injuries action and (2) the workers' compensation carrier's right and intention to commence a subrogation action if he failed to proceed and of each party's relevant rights in the proceedings of any such action. Second, Poetz, again unlike Errickson, never disavowed or repudiated the action taken by the workers' compensation carrier. On the contrary, Poetz not only cooperated by answering interrogatories propounded to him and gave his deposition, but took no steps to enforce any claim that he may have had against the wrongdoers. Finally and perhaps most importantly, the waiver of the statutory written demand was necessary to protect Poetz's rights to pursue his personal injury claim against the tortfeasor. Poetz understood that the workers' compensation carrier had a right to pursue a claim against the wrongdoer for him and his intention was for the workers' compensation carrier to go ahead with that claim. If a waiver of the written demand requirement authorizing the workers' compensation carrier to institute the action on Poetz's behalf had not been held to exist, Poetz's personal injury claim against the tortfeasor would have been barred by the statute of limitations. Such is not the case here. Cigna and Errickson did not have parallel interests. Cigna's interest was simply to recoup the medical expenses and temporary benefits paid to or on behalf of Errickson. Errickson's interest, on the other hand, was to recover damages for his pain, suffering and temporary and permanent disability as well as lost wages to the extent not covered by the temporary compensation benefits.
Consequently, on this record one could reasonably conclude that Cigna neither gave Errickson the written demand declaring *467 its intention to institute the subrogation proceedings as required by N.J.S.A. 34:15-40(f) nor did Errickson authorize Cigna to initiate the proceedings in his name. Moreover, one could find that once Errickson was informed of the effect Cigna's subrogation action and settlement would have upon his personal injury action, Errickson immediately disavowed the action and instituted his own personal injury action. In sum, we are satisfied that reasonable minds could come to different conclusions as to both whether Cigna complied with the written demand provisions of N.J.S.A. 34:15-40(f) and if not, whether Errickson knowingly waived such requirement. The record does no more than create genuine issues of material fact precluding the granting of summary judgment to either party. In any event, defendant's failure to exclude all reasonable doubt as to these material factual issues mandates a plenary hearing on these issues.
Accordingly, the summary judgment entered in favor of defendant is reversed, the complaint reinstated and the matter remanded to the trial court for further proceedings. We do not retain jurisdiction.