667 A.2d 680

UTICA MUTUAL INSURANCE COMPANY, PLAINTIFF–APPELLANT, v. MARAN & MARAN AND DWAYNE INGALA, DEFENDANTS–RESPONDENTS.

Argued September 11, 1995—Decided December 4, 1995.

*Robert J. Gallop* argued the cause for appellant (*Braff, Harris & Sukoneck,* attorneys).

*David Maran* argued the cause for respondents (*Maran & Maran,* attorneys).

The opinion of the Court was delivered by

GARIBALDI, J.

In this appeal, as in *Christopher Frazier v. New Jersey Manufacturers Ins. Co.,* 142 *N.J.* 590, 667 *A.*2d 670 (1995), also decided today, the primary issue is whether, pursuant to *N.J.S.A.* 34:15–40, a workers' compensation lien attaches to the proceeds of a malpractice suit brought to recover damages from an attorney who failed to institute an action against the third-party tortfeasor responsible for the worker's injury.

Defendants also make two additional arguments, both of which were made by Frazier. Defendants claim that even if the lien could attach to a legal malpractice recovery, it should not attach if the malpractice and workers' compensation recoveries do not fully compensate the injured worker. Defendants also argue that the workers' compensation carrier has no claim because it failed to institute its own action against the tortfeasor.

I

Plaintiff, Utica Mutual Insurance Co. (Utica), a workers' compensation insurance carrier, sued defendants Ingala and Ingala's

counsel, Maran & Maran, for refusing to honor Utica's lien against a legal malpractice recovery that Maran & Maran had obtained for Ingala. The facts are not in dispute.

Ingala sustained a work-related injury in 1985 while employed by Summit Graphics. He hit a pothole while driving a truck, and his head struck the ceiling of the truck. Ingala claimed that his injury was caused by the defective design of the driver's seat of the truck. He retained an attorney to handle his workers' compensation claim. As of 1991, Summit's workers' compensation carrier, Utica, had paid Ingala over $180,000 in workers' compensation benefits.

Ingala retained another attorney to handle the products liability claim against the liable third party (the seat manufacturer). Because that attorney failed to file suit within the statute of limitations, Ingala retained defendant Maran & Maran to sue him for malpractice. The attorney settled for $585,000. Utica contended that it had a workers' compensation lien on the settlement proceeds, but defendants refused to satisfy the lien. Utica filed this lawsuit.

The parties filed cross motions for summary judgment. The trial court granted defendants' motion, ruling that Utica's lien did not attach to the malpractice recovery. On Utica's appeal, the Appellate Division affirmed, relying on *Wausau Ins. Companies v. Fuentes*, 215 *N.J.Super.* 476, 522 *A.*2d 440 (App.Div.1980), *certif. denied*, 105 *N.J.* 542 (1986).

This Court initially denied Utica's petition. 139 *N.J.* 185, 652 *A.*2d 173 (1994). Utica moved for reconsideration, and the Court granted the motion and the petition for certification. 142 *N.J.* 437, 663 *A.*2d 1349 (1995).

II

In *Frazier, supra*, 142 *N.J.* at 598, 667 *A.*2d at 674, we set forth our reasons for holding that section 40 liens attach to legal

malpractice recoveries. We relied on our opinion in *Midland Ins. Co. v. Colatrella,* 102 *N.J.* 612, 510 *A.*2d 30 (1986), where we held that a section 40 lien attaches to an uninsured motorist recovery. We based that decision "on the belief that the primary concern of the Legislature here, as in other work-related injuries caused by third-party tortfeasors, is to integrate the sources of recovery." *Id.* at 618. Here the tortious conduct of the third-party (the seat manufacturer) was the predicate for Ingala's malpractice recovery against his former attorney. If the manufacturer had not been subject to liability, Ingala would have been unable to recover from his former attorney. Because the express purpose of section 40 is to prevent recovery from different sources for the same injury, no justification exists for allowing an injured employee who receives a legal malpractice recovery to be in a better position than an injured employee who recovers directly from the tortfeasor.

### III

We also find that section 40 prevents the worker from retaining any workers' compensation benefits that have been supplemented by a recovery against the liable third party, even if the two combined would leave the worker less than fully compensated. Under section 40, the workers' compensation carrier is entitled to reimbursement whether or not the employee is fully compensated. We concluded that the "no double recovery" rule should not be different when the third-party recovery is against a party other than the tortfeasor. See *Frazier, supra,* 142 *N.J.* at 601, 667 *A.*2d at 676.

Finally, as determined in *Frazier, supra,* 142 *N.J.* at 603, 667 *A.*2d at 677, Utica's entitlement to reimbursement or setoff from the proceeds of third party recoveries does not depend on its assertion of a right to sue the third person directly under *N.J.S.A.* 34:15–40(f). Hence, there is no merit in defendants' argument that Utica is barred from asserting a lien because Utica "did nothing to protect its rights."

## IV

As in *Frazier* we find that the workers' compensation lien attaches to the proceeds of the legal malpractice action, that such a lien is imposed on a third-party recovery that is the functional equivalent of a recovery against the actual third-party tortfeasor, regardless of whether the worker has been fully compensated for his injuries, and that Utica did not preclude itself from asserting a lien either by failing to sue the third party on its own or by failing to give earlier notice of the lien.

The judgment of the Appellate Division is reversed.

O'HERN, J., concurring.

I concur in the judgment of the Court for the reasons stated in my opinion in *Frazier v. New Jersey Manufacturers Insurance Company*, 142 *N.J.* 590, 667 *A.2d* 670 (1995), also filed today.

STEIN, J., concurring.

I agree with the Court's disposition of this appeal, subject to the same reservation concerning its reliance on *Midland Insurance Co. v. Colatrella*, 102 *N.J.* 612, 510 *A.2d* 30 (1986), that I expressed in my concurring opinion in *Frazier v. New Jersey Manufacturers Insurance Co.*, 142 *N.J.* 590, 667 *A.2d* 670 (1995), also decided today.

O'HERN and STEIN, JJ., concurring in result.

*For reversal*—Chief Justice WILENTZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

Justices O'HERN and STEIN filed separate concurring opinions.

*Opposed*—None.