Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered November 30, 2010, which, insofar as appealed, denied the motion of defendants Norman L. Faber, Esq., and Law Office of Norman L. Faber, Esq. (collectively, Faber) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
On September 14, 2000, defendant Donald Pressley, a New York City resident, was injured in a tractor-trailer accident in *530 Connecticut during the course of his employment with nonparty Cobra Express Inc., which is located in New Jersey. Fremont Compensation Company (Fremont), the workers’ compensation carrier for Cobra Express, paid Pressley New Jersey workers’ compensation benefits, making the last payment to Pressley on May 9, 2002.
On or about September 19, 2000, Pressley retained nonparty Paul A. Shneyer, Esq., to bring a personal injury lawsuit for injuries he sustained in the accident. When Shneyer failed to timely commence an action, Pressley commenced a malpractice action against him. The Faber defendants represented Pressley in that action and settled the case against Shneyer in December 2008. On March 24, 2009, plaintiff, the administrator for Fremont (now in liquidation), commenced the instant action to enforce a lien against the settlement proceeds.
The Faber defendants maintain that under Matter of Shutter v Philips Display Components Co. (90 NY2d 703 [1997]), New Jersey cases holding that workers’ compensation liens attach to legal malpractice recoveries (see Frazier v New Jersey Mfrs. Ins. Co., 142 NJ 590, 667 A2d 670 [1995]; Utica Mut. Ins. Co. v Maran & Moran, 142 NJ 609, 667 A2d 680 [1995]) do not apply in this case because the malpractice recovery did not duplicate the medical payments and lost wages Pressley received under workers’ compensation. This argument is unavailing. Pursuant to a June 2010 order from which the Faber defendants did not appeal, New Jersey law applies to the merits of plaintiffs claims and thus, New York law regarding double recoveries is inapplicable.
Under New Jersey law, a double recovery “occurs when the employee keeps any workers’ compensation benefits that have been matched by recovery against the liable third person” (Frazier, 142 NJ at 602, 667 A2d at 676), rendering irrelevant whether the settlement of the legal malpractice action included medical expenses and lost wages. We note, however, that even if New York law applied, the settlement did not specify what it was for and therefore, we cannot conclude that no part of it was for medical expenses and lost wages.
Defendants’ argument that the application of New Jersey law in this case violates New York public policy because Pressley is a New York resident fails because although defendants have shown that New York and New Jersey law differ on this issue, they have not satisfied the stringent test for rejecting New Jersey law as against New York public policy (see 19A NY Jur 2d, Conflict of Laws § 17).
Contrary to defendants’ argument, the instant action is not *531 time-barred. As agreed to by the parties, New York’s three-year statute of limitations is applicable. We agree with the motion court that plaintiffs claim accrued when Pressley received the settlement payment from Shneyer (see Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175-176 [1986]). Concur — Tom, J.E, Andrias, Saxe, Acosta and Freedman, JJ.