142 A.3d 757

TINA L. TALMADGE, PLAINTIFF–APPELLANT, v. CONNIE S. BURN AND ALVAN A. BURN, DEFENDANTS, AND THE HARTFORD, DEFENDANT/INTERVENOR–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 16, 2016—Decided June 22, 2016.

Before Judges LIHOTZ, FASCIALE and HIGBEE.

*Phillip C. Wiskow* argued the cause for appellant (*Gelman, Gelman, Wiskow & McCarthy, LLC*, attorneys; *Mr. Wiskow*, of counsel and on the brief).

*David R. Kunz* argued the cause for respondent (*Kunz & Germick*, attorneys; *Mr. Kunz*, on the brief).

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

Plaintiff Tina Talmadge appeals from a January 29, 2015 order denying her motion to declare the medical benefits portion of a workers' compensation lien unenforceable. The Hartford, the workers' compensation carrier for plaintiff's employer, intervened in this matter seeking reimbursement from any recovery the defendant tortfeasor paid to plaintiff, as authorized by *N.J.S.A.* 34:15–40 (section 40) of the Workers' compensation Act (the Act), *N.J.S.A.* 34:15–1 to –142. On appeal, plaintiff argues because benefits that could have been paid through plaintiff's personal injury protection (PIP) provisions of her automobile liability policy are not recoverable from the tortfeasor, a section 40 workers' compensation lien for payment of similar costs should be denied. We disagree and affirm.

The facts are not disputed. Plaintiff, while working for her employer, Child and Family Services, Inc., was driving her personal automobile when involved in an auto accident caused by defendant Connie Burns. As a result of the accident, plaintiff underwent an anterior cervical fusion. The Hartford, as the workers' compensation carrier of plaintiff's employer, paid plaintiff over $127,000 in medical, wage, and indemnity benefits.

Plaintiff filed a complaint and ultimately settled her claims against Burns in the amount of Burn's auto insurance policy limit of $250,000. The Hartford asserted a workers' compensation lien of $84,510.78 against this third-party recovery.

Plaintiff moved to reduce The Hartford's claimed lien. She argued The Hartford's inclusion of any medical benefits paid to plaintiff was legally unenforceable and not subject to reimbursement. The Law Division judge denied plaintiff's motion, citing section 40 of the Act. Plaintiff filed this appeal.

In enacting the Act, the Legislature sought to streamline recovery of benefits to workers injured in the course of employment. *Estate of Kotsovska, ex rel. Kotsovska v. Liebman,* 221 *N.J.* 568, 583–84, 116 *A.*3d 1 (2015). Under the Act's remedial no-fault system, qualified employees receive medical treatment and limited compensation "without regard to the negligence of the employer." *Id.* at 584, 116 *A.*3d 1 (quoting *N.J.S.A.* 34:15-7); *see also Tlumac v. High Bridge Stone,* 187 *N.J.* 567, 573, 902 *A.*2d 222 (2006) ("[T]he remedial purpose of the Workers' Compensation Act [is] to make benefits readily and broadly available to injured workers through a non-complicated process.").

Section 40 permits a workers' compensation insurance carrier to seek reimbursement of benefits it pays when a third party, other than the employer, caused the employee's injury. *Utica Mut. Ins. Co. v. Maran & Maran,* 142 *N.J.* 609, 613, 667 *A.*2d 680 (1995) ("Under section 40, the workers' compensation carrier is entitled to reimbursement whether or not the employee is fully compensated."). The statute provides:

(a) The obligation of the employer ... under this statute to make compensation payments shall continue until the payment, if any, by such third party or his [or her] insurance carrier is made.

(b) If the sum recovered by the employee ... from the third person or his [or her] insurance carrier is equivalent to or greater than the liability of the employer ... under this statute, the employer ... shall be released from such liability and shall be entitled to be reimbursed, ... for the medical expenses incurred and compensation payments theretofore paid to the injured employee ... less employee's expenses of suit and attorney's fee as hereinafter defined.

[*N.J.S.A.* 34:15–40(a)–(b).]

More specifically, "section 40 prevents the worker from retaining any workers' compensation benefits that have been supplemented by a recovery against the liable third party." *Utica, supra,* 142 *N.J.* at 613, 667 *A.*2d 680.

Plaintiff argues, as a no-fault insured, she may not recover medical benefits from another no-fault insured. Since The Hartford's subrogation rights are limited to claims plaintiff may assert, *N.J.S.A.* 34:15–40(f), she concludes the workers' compensation carrier has no entitlement to attach payment from the tortfeasor for reimbursement of medical expenses it previously paid. We reject this syllogism as an inaccurate statement of the law.

The statutory construct under the no-fault insurance system provisions of the Automobile Insurance Cost Reduction Act, *N.J.S.A.* 39:6A–1.1 to –35, is "intended to serve as the exclusive remedy for payment of out-of-pocket medical expenses arising from an automobile accident" as a "trade-off for lower premiums and prompt payment of medical expenses." *Caviglia v. Royal Tours of Am.,* 178 *N.J.* 460, 466–67, 842 *A.*2d 125 (2004) (citing *Roig v. Kelsey,* 135 *N.J.* 500, 503, 511–12, 641 *A.*2d 248 (1994)). Accordingly, an injured no-fault insured who receives PIP benefits may not seek recovery from the tortfeasor for claims resulting from "medical, hospital and other losses for which he had already been reimbursed." *Bardis v. First Trenton Ins. Co.,* 199 *N.J.* 265, 279, 971 *A.*2d 1062 (2009) (quoting *Cirelli v. Ohio Cas. Ins. Co.,* 72 *N.J.* 380, 387, 371 *A.*2d 17 (1977)). Thus, the Legislature did not intend "to leave the door open for fault-based

suits when enacting the No–Fault Law." *Roig, supra,* 135 *N.J.* at 516, 641 *A.2d* 248.

■ When an employee suffers an automobile accident while in the course of employment, workers' compensation is the primary source of satisfaction of the employee's medical bills, as provided by the collateral source rule, *N.J.S.A.* 39:6A–6, which "relieves the PIP carrier from the obligation of making payments for expenses incurred by the insured which are covered by workers' compensation benefits." *Lefkin v. Venturini,* 229 *N.J.Super.* 1, 7, 550 *A.2d* 985 (App.Div.1988). "Where only workers' compensation benefits and PIP benefits are available, the primary burden is placed on workers' compensation as a matter of legislative policy by way of the collateral source rule of *N.J.S.A.* 39:6A–6." *Id.* at 9, 550 *A.2d* 985 (citing *Aetna Ins. Co. v. Gilchrist Bros., Inc.,* 85 *N.J.* 550, 428 *A.*2d 1254 (1981)).

■ In instances where an employee, as a result of a work related automobile accident injury, also has a claim for recovery against a third party, the Legislature overcame the possible "inequity of double recovery" by including section 40, which requires an injured employee to refund paid workers' compensation benefits once recovery is obtained from the tortfeasor, thereby avoiding duplication of the workers' compensation benefits by the tort recovery. *Frazier v. New Jersey Mfrs. Ins. Co.,* 142 *N.J.* 590, 597–98, 667 *A.2d* 670 (1995). The statute clearly permits an employee who received workers' compensation benefits to seek recovery against the third-party for those benefits, including paid medical expenses. The statute also expressly entitles the workers' compensation carrier to repayment of all benefits paid to the employee. *See Greene v. AIG Cas. Co.,* 433 *N.J.Super.* 59, 68, 77 *A.*3d 515 (App.Div.2013) (stating "if repayment of the workers' compensation carrier from the third-party recovery were not required, the workers' compensation exclusion would result in a double recovery to the plaintiff in contravention of clear legislative policy against duplication of awards.").

■ In *Greene,* we stated "[i]t has long been understood that the clear intent of [s]ection 40 ... is to prevent an injured employee from recovering and retaining workers' compensation

payments, while at the same time recovering and retaining the full damages resulting from a third-party tort suit." *Id.* at 64, 77 *A.*3d 515 (citing *United States Cas. Co. v. Hercules Powder Co.,* 4 *N.J.* 157, 163–65, 72 *A.*2d 190 (1950)). This is so even when the net recovery, after satisfaction of the workers' compensation lien, does not fully compensate the employee. *Frazier, supra,* 142 *N.J.* at 602, 667 *A.*2d 670.

Accordingly, there is no basis to interfere with the Law Division order. The employer's workers' compensation carrier's lien, which includes medical expenses paid, must be satisfied from plaintiff's $250,000 recovery from Burns. *N.J.S.A.* 34:15–40(b).

Affirmed.