NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3160-14T1

TINA L. TALMADGE,

    Plaintiff-Appellant,

v.

CONNIE S. BURN and ALVAN A. BURN,

    Defendants,

and

THE HARTFORD,

    Defendant/Intervenor-
    Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **JULY 26, 2016**
>
> **APPELLATE DIVISION**

Argued May 16, 2016 – Decided  June 22, 2016

Before Judges Lihotz, Fasciale and Higbee.

On appeal from Superior Court of New Jersey,
Law Division, Sussex County, Docket No. L-
401-13.

Phillip C. Wiskow argued the cause for
appellant (Gelman, Gelman, Wiskow &
McCarthy, LLC, attorneys; Mr. Wiskow, of
counsel and on the brief).

David R. Kunz argued the cause for
respondent (Kunz & Germick, attorneys; Mr.
Kunz, on the brief).

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

Plaintiff Tina Talmadge appeals from a January 29, 2015 order denying her motion to declare the medical benefits portion of a workers' compensation lien unenforceable. The Hartford, the workers' compensation carrier for plaintiff's employer, intervened in this matter seeking reimbursement from any recovery the defendant tortfeasor paid to plaintiff, as authorized by N.J.S.A. 34:15-40 (section 40) of the Workers' compensation Act (the Act), N.J.S.A. 34:15-1 to -142. On appeal, plaintiff argues because benefits that could have been paid through plaintiff's personal injury protection (PIP) provisions of her automobile liability policy are not recoverable from the tortfeasor, a section 40 workers' compensation lien for payment of similar costs should be denied. We disagree and affirm.

The facts are not disputed. Plaintiff, while working for her employer, Child and Family Services, Inc., was driving her personal automobile when involved in an auto accident caused by defendant Connie Burns. As a result of the accident, plaintiff underwent an anterior cervical fusion. The Hartford, as the workers' compensation carrier for plaintiff's employer, paid plaintiff over $127,000 in medical, wage, and indemnity benefits.

Plaintiff filed a complaint and ultimately settled her claims against Burns in the amount of Burn's auto insurance policy limit of $250,000. The Hartford asserted a workers' compensation lien of $84,510.78 against this third-party recovery.

Plaintiff moved to reduce The Hartford's claimed lien. She argued The Hartford's inclusion of any medical benefits paid to plaintiff was legally unenforceable and not subject to reimbursement. The Law Division judge denied plaintiff's motion, citing section 40 of the Act. Plaintiff filed this appeal.

In enacting the Act, the Legislature sought to streamline recovery of benefits to workers injured in the course of employment. Estate of Kotsovska, ex rel. Kotsovska v. Liebman, 221 N.J. 568, 583-84 (2015). Under the Act's remedial no-fault system, qualified employees receive medical treatment and limited compensation "without regard to the negligence of the employer." Id. at 584 (quoting N.J.S.A. 34:15-7; see also Tlumac v. High Bridge Stone, 187 N.J. 567, 573 (2006) ("[T]he remedial purpose of the Workers' Compensation Act [is] to make benefits readily and broadly available to injured workers through a non-complicated process.").

Section 40 permits a workers' compensation insurance carrier to seek reimbursement of benefits it pays when a third-party, other than the employer, caused the employee's injury. Utica Mut. Ins. Co. v. Maran & Maran, 142 N.J. 609, 613 (1995) ("Under section 40, the workers' compensation carrier is entitled to reimbursement whether or not the employee is fully compensated."). The statute provides:

> (a) The obligation of the employer . . . under this statute to make compensation payments shall continue until the payment, if any, by such third party or his [or her] insurance carrier is made.
>
> (b) If the sum recovered by the employee . . . from the third person or his [or her] insurance carrier is equivalent to or greater than the liability of the employer . . . under this statute, the employer . . . shall be released from such liability and shall be entitled to be reimbursed, . . . for the medical expenses incurred and compensation payments theretofore paid to the injured employee . . . less employee's expenses of suit and attorney's fee as hereinafter defined.
>
> [N.J.S.A. 34:15-40(a)-(b).]

More specifically, "section 40 prevents the worker from retaining any workers' compensation benefits that have been supplemented by a recovery against the liable third party." Utica, supra, 142 N.J. at 613.

Plaintiff argues, as a no-fault insured, she may not recover medical benefits from another no-fault insured. Since

4

The Hartford's subrogation rights are limited to claims plaintiff may assert, N.J.S.A. 34:15-40(f), she concludes the workers' compensation carrier has no entitlement to attach payment from the tortfeasor for reimbursement of medical expenses it previously paid. We reject this syllogism as an inaccurate statement of the law.

The statutory construct under the no-fault insurance system provisions of the Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1.1 to -35, is "intended to serve as the exclusive remedy for payment of out-of-pocket medical expenses arising from an automobile accident" as a "trade-off for lower premiums and prompt payment of medical expenses." Caviglia v. Royal Tours of Am., 178 N.J. 460, 466-67 (2004) (citing Roig v. Kelsey, 135 N.J. 500, 503, 511-12 (1994)). Accordingly, an injured no-fault insured who receives PIP benefits may not seek recovery from the tortfeasor for claims resulting from "medical, hospital and other losses for which he had already been reimbursed." Bardis v. First Trenton Ins. Co., 199 N.J. 265, 279 (2009) (quoting Cirelli v. Ohio Cas. Ins. Co., 72 N.J. 380, 387 (1977)). Thus, the Legislature did not intend "to leave the door open for fault-based suits when enacting the No-Fault Law." Roig, supra, 135 N.J. at 516.

A-3160-14T1

When an employee suffers an automobile accident while in the course of employment, workers' compensation is the primary source of satisfaction of the employee's medical bills, as provided by the collateral source rule, N.J.S.A. 39:6A-6, which "relieves the PIP carrier from the obligation of making payments for expenses incurred by the insured which are covered by workers' compensation benefits." Lefkin v. Venturini, 229 N.J. Super. 1, 7 (App. Div. 1988). "Where only workers' compensation benefits and PIP benefits are available, the primary burden is placed on workers' compensation as a matter of legislative policy by way of the collateral source rule of N.J.S.A. 39:6A-6." Id. at 9 (citing Aetna Ins. Co. v. Gilchrist Bros., Inc., 85 N.J. 550 (1981)).

In instances where an employee, as a result of a work related automobile accident injury, also has a claim for recovery against a third-party, the Legislature overcame the possible "inequity of double recovery" by including section 40, which requires an injured employee to refund paid workers' compensation benefits once recovery is obtained from the tortfeasor, thereby avoiding duplication of the workers' compensation benefits by the tort recovery. Frazier v. New Jersey Mfrs. Ins. Co., 142 N.J. 590, 597-98 (1995). The statute clearly permits an employee who received workers' compensation

benefits to seek recovery against the third-party for those benefits, including paid medical expenses. The statute also expressly entitles the workers' compensation carrier to repayment of all benefits paid to the employee. See Greene v. AIG Cas. Co., 433 N.J. Super. 59, 68 (App. Div. 2013) (stating "if repayment of the workers' compensation carrier from the third-party recovery were not required, the workers' compensation exclusion would result in a double recovery to the plaintiff in contravention of clear legislative policy against duplication of awards.").

In Greene, we stated "[i]t has long been understood that the clear intent of [s]ection 40 . . . is to prevent an injured employee from recovering and retaining workers' compensation payments, while at the same time recovering and retaining the full damages resulting from a third-party tort suit." Id. at 64 (citing United States Cas. Co. v. Hercules Powder Co., 4 N.J. 157, 163—65 (1950)). This is so even when the net recovery, after satisfaction of the workers' compensation lien, does not fully compensate the employee. Frazier, supra, 142 N.J. at 602.

Accordingly, there is no basis to interfere with the Law Division order. The employer's workers' compensation carrier's lien, which includes medical expenses paid, must be satisfied

from plaintiff's $250,000 recovery from Burns.  <u>N.J.S.A.</u> 34:15-40(b).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3160-14T1