KUSKIN, J.T.C.
In this appeal plaintiff asserts that defendant, the Director of the New Jersey Division of Taxation, improperly imputed interest income to plaintiff, Metro Touch, Inc., for tax years 1996,1997 and 1998 under the New Jersey Corporation Business Tax Act, N.J.S.A. 54:10A-1 to -41. For the reasons set forth below, I conclude that the imputation of interest was proper.
The parties submitted the matter for decision based upon the following stipulated facts. Plaintiff is a New Jersey corporation wholly owned by Ida Shapiro. The corporation elected to be treated as a Subchapter S corporation for federal tax purposes but made no such election for New Jersey tax purposes. For tax year 1996, Ms. Shapiro owned 75% of the corporate stock of Perfect Host, Inc. (“PH Inc.”), a New Jersey corporation formed on May 8, 1996. Perfect Host, LLC (“PH LLC”), a New Jersey limited liability company that commenced business operations on December 26, 1996, was the successor in interest to PH Inc. In 1996, Ms. Shapiro owned a 75% ownership interest in PH LLC. For tax year 1997, Ms. Shapiro’s ownership interest in the entity was *314 reduced to 49.3097%, with Arthur Stewart, Jr. owning 25.0493% and Allen Meisels owning 25.6410%.
Plaintiffs balance sheet reflected loans to PH Inc./PH LLC as follows:
As of January 1, 1996 $ 2,864
As of December 31, 1996 $ 64,405
As of January 1, 1997 $ 64,405
As of December 31, 1997 $ 53,891
As of January 1, 1998 $ 53,891
As of December 31, 1998 $111,975.
Plaintiff made these loans on a non-interest bearing basis. For each of the tax years in issue, the Director imputed interest to plaintiff on the loan amounts, the imputed interest being $145 for 1996, $311 for 1997 and $420 for 1998. Plaintiff does not contest the interest rates applied by the Director in imputing interest, but focuses its appeal on the propriety of imputing of interest.
The statutory provisions governing the issues raised by plaintiff’s appeal are contained in N.J.S.A. 54:10A-10 entitled “Evasion of Tax; adjustments and redetermination; obtaining information.” Paragraph a of the statute provides in relevant part as follows:
[W]henever any agreement, understanding or arrangement exists between a taxpayer and any other corporation or any person or firm ... whereby the activity, business, receipts, expenses, assets, liabilities, income or net worth of the taxpayer are improperly or inaccurately reflected, the director is authorized and empowered, in the director’s discretion and in such manner as the director may determine, to adjust and redetermine such items, and to adjust items of gross receipts ... and the allocation of entire net income ... or to make any other adjustments in any tax report or tax returns as may be necessary to make a fair and reasonable determination of the amount of tax payable under this act.
[N.J.S.A. 54:10A-10a.]
Paragraph b of this statute provides in relevant part as follows:
Where ... any taxpayer conducts its activity or business under any agreement, arrangement or understanding in such manner as either directly or indirectly to benefit its members or stockholders, or any of them, or any person or persons directly or indirectly interested in such activity or business, by entering into any transaction at more or less than a fair price which, but for such agreement, arrangement or understanding, might have been paid or received therefor, ... the director may include in the entire net income of the taxpayer the fair profits which, *315 but for such agreement, arrangement or understanding, the taxpayer might have derived from such transaction.
[N.J.S.A. 54:10A-10b]
Based on these statutes, I must determine whether the interest-free loans from plaintiff to PH Inc./PH LLC resulted in a distortion of plaintiffs income or constituted a transaction at “less than a fair price” resulting in a direct or indirect benefit to a stockholder of plaintiff, and whether the Director properly exercised his discretion in imputing interest to plaintiff.
The Director’s regulation under N.J.S.A. 54:10A-10b provides that “interest should be charged on loans or advances made by one related party to another from the day after the debt arises until the debt is satisfied.” N.J.A.C. 18:7-5.10(a)(5). The regulation also provides that its application is not limited to
an agreement, understanding or arrangement existing between a taxpayer and any other corporation or any other person or firm for the purpose of avoiding or evading tax under the [Corporation Business Tax] Act. It is also applicable where adjustments and redeterminations relate to ... other transactions between related persons or entities where evasion or tax avoidance are [sic] not a consideration. The Director may initiate adjustments under this section solely in the interest of determining a fair and reasonable tax, and without respect to any benefit arising out of inter-corporate relationships or the relationships of any person holding a substantial portion of the stock of a taxpayer.
[N.J.A.C. 18:7 — 5.10(b).]
No reported decision of the New Jersey courts has determined when an interest-free loan results in a distortion of the income of the lender or constitutes a transaction at less than a fair price warranting imputation of interest income. However, federal court decisions under the Internal Revenue Code indicate that an interest-free loan is an appropriate basis for imputation of interest income to the lender. In Likins-Foster Honolulu Corp. v. Commissioner, 840 F.2d 642 (9th Cir.1988), the court sustained the imposition of imputed interest by the Commissioner of Internal Revenue on the basis that “unrelated parties dealing at arm’s length would not customarily loan large sums without interest”. Id. at 646-47. The Eighth Circuit Court of Appeals reached a similar conclusion in Liberty Loan Corp. v. U.S., 498 F.2d 225, 228 (8th Cir.), cert. den. 419 U.S. 1089, 95 S.Ct. 680, 42 L.Ed.2d 681 (1974). See also Barford v. Commissioner, 194 F.3d 782, 788 (7th *316 Cir.1999); Commissioner of Revenue v. AMIWoodbroke, Inc., 418 Mass. 92, 634 N.E.2& 114 (1994).
The foregoing decisions, are not binding on this court, United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157, 168, 72 A.2d 190 (1950), but they do provide guidance, particularly as to a general principle such as the marketplace requirement for payment of loan interest. I conclude that, in the marketplace, loans in the amounts lent by plaintiff to PH Inc. and PH LLC would not be made on an interest-free basis. As a result, the interest-free loans resulted in an improper or inaccurate determination by plaintiff of its income for the tax years under appeal as contemplated by N.J.S.A. 54:10A-10a and constituted transactions at less than a fair price under N.J.S.A. 54:10A-10b. I further conclude that Ida Shapiro, in her capacity as either a 75% owner of PH Inc. or as a 75% or 49.3097% owner of PH LLC, benefited from plaintiffs interest-free loans to both entities. Consequently, the Director’s rights to adjust plaintiffs entire net income under N.J.S.A. 54:10A-10a and b are applicable. I note that, under N.J.S.A. 54:10A-10b the Director’s right to include “fair profits” in the income of a taxpayer relating to a transaction at less than a “fair price” is not dependent on the control of the two entities by the -same person or persons. The statutory standard is simply that the arrangement benefits a stockholder “either directly or indirectly”. Here, as already noted, the interest-free loan from plaintiff benefited its 100% stockholder in her capacity as a 75% or 49.3097% owner of the borrower.
Plaintiff has argued that, under § 482 of the Internal Revenue Code; the Commissioner of Internal Revenue would not be permitted to impute interest income to plaintiff because Ida Shapiro did not control PH LLC at least for tax years 1997 and 1998. The short answer to this contention is that the New Jersey Corporation Business Tax Act stands on its own and is not governed by federal principles except to the extent they are expressly incorporated in the Act. See Richard’s Auto City Inc. v. Director, Div. of Taxation, 140 N.J. 523, 659 A.2d 1360 (1995) (stating with respect to the Corporation Business Tax Act that “when the Legislature intends to incorporate federal income tax *317 provisions, standards or concepts, it does so explicitly.” Id. at 535, 659 A.2d 1360 (citations omitted).). The authority of the Director to adjust plaintiffs income is the statutory authority set forth in N.J.S.A. 54:10A-10a and b. The Director has interpreted that authority broadly by regulation in N.J.A.C. 18:7-5.10(b). The regulation represents a reasonable exercise by the Director of the discretion granted to him by the Legislature. Under these circumstances, the court should defer to the Director’s exercise of his discretion and expertise. Aetna Burglar & Fire Alarm Co. v. Director, Div. of Taxation, 16 N.J.Tax 584, 589 (1997); Blecker v. State, 323 N.J.Super. 434, 442, 733 A.2d 540 (App.Div.1999). “[C]ourts are not free to substitute their judgment as to the wisdom of a particular administrative action for that of the agency so long as that action is statutorily authorized and not otherwise defective because arbitrary or unreasonable.” Sutton Warehousing, Inc. v. Director, Div. of Taxation, 290 N.J.Super. 686, 697, 676 A.2d 615 (App.Div.1996) (internal quotation marks omitted).
I conclude that the Director’s imputation of interest to plaintiff on its loans to PH Inc. and PH LLC is neither arbitrary nor unreasonable, and is a correct and proper exercise of the Director’s discretion under N.J.S.A. 54:10A-10a and b and under N.J.A.C. 18:7-5.10(b). Accordingly, I hold that the Director’s assessment of additional Corporation Business Tax based on the imputed interest income was correct. Judgment will be entered for the amount of the assessment plus interest at the applicable statutory rate until the date of payment of the taxes due, and plus the applicable amnesty penalty under N.J.S.A. 54:53-18b.